## MOORE VS. CLOPTON.

Where the validity of a contract, made in another State and in violation of the law of that State, is the subject of enquiry in the courts of this State, the decisions of the courts of such State ought to be respected and followed. And so, a note, given in Mississippi for the purchase of slaves, which is void under the decisions of her appellate court for want of the certificates prescribed by her laws, held void when sued upon in this State.

*Appeal from Jefferson Circuit Court.*

Hon. JOHN C. MURRAY, Circuit Judge.

BELL & CARLTON and GARLAND & RANDOLPH, for plaintiffs in error.

The statute relied on by the defendant in his pleas, was intended as a mere police regulation, the non-observance of which does not avoid a contract, for the purchase money of a slave. We are fully supported in this view of the meaning of the law relied on by the defendant in the case of *Harris vs. Runnels* 12 *Howard's U. S. Rep.* 80.

We rely also in support of our position, upon the cases of *Armstrong vs. Toler*, 11 *Wheat* 259; *Gorves vs. Slaughter*, 15 *Peters Rep.* 449; *Story's Conflict of Laws*, p. 205, 209; the act of Mississippi of the 18th of June, 1822, *How. & Hutch. Digest* 156.

It is true the court of Mississippi has decided, that a sale of slaves, in violation of the 4th section of the law relied on by defendant is void, but the case of *Harris vs. Runnels*, 12 *How. U. S. Rep. p.* 80, is directly to the contrary.

We admit that the Supreme Court of Mississippi has the right to expound her constitution and laws, regardless of the decisions of the Supreme Court of the United States. But we contend as the constitution of the United States gives the right to the citizens of one State, to sue the citizens of another in the Federal Court, the Supreme Court has the constitutional right to decide, according to their own opinion, the statute law of the States, and not to be controlled by the decisions of the State courts. Otherwise, this provision of the constitution which we have quoted, would be virtually nullified. *Rowan et al. vs. Runnels*, 5 *Howard U. S.*, p. 134. And it seems to us the Supreme Court of Arkansas will be controlled by the United States Supreme Court decisions, for the reason that the payee in the note had the right to sue in the Federal Court, and recover, according to those decisions.

This court is not called upon by any established rules of comity, or upon principle, to follow the decisions of the State courts of

Mississippi in determining the effect of her laws within the jurisdiction of this State.

YELL for the defendant.

Mr. Justice FAIRCHILD delivered the opinion of the court.

A statute of Mississippi made it unlawful to import into the State, as merchandize, a slave more than fifteen years old, without a certificate of two respectable freeholders of the county whence the slave came, that such slave had not been guilty of murder, burglary, arson, or other felony, in that State or territory. The certificate must also state the name, age, and sex of the slave, be signed or acknowledged before the clerk of the county where given, and must also contain a statement of the clerk that the signers of the certificate were respectable freeholders of the county and neighborhood in which they resided. And if such slave should be sold in the State, the seller was required to file the certificate with the register of the orphan's court of the county where sold, first swearing to his own belief of the truth of the facts stated.

Since the passage of the act of 18th June, 1822, which is the one referred to, various constitutional and statutory regulations prohibiting and restricting the introduction of slaves into the State, have been in force in Mississippi, and any violation of them by the sale of slaves, against the prohibition, or without observance of the required regulations, has been visited upon the crediting seller by the loss of his debt, whenever a debtor would present such a defence.

Some of these regulations have declared contracts made in violation of them to be void; others have simply forbidden particular acts, while others have affixed penalties to a breach of the laws. As in the statute under consideration, a fine of one thousand dollars is imposed upon the introduction into the State as merchandize of a convict slave, while the seller and buyer are each exposed to the penalty of one hundred dollars for dealing about an uncertified slave, that should be the subject of a certificate as required in the act.

Yet the Mississippi high court of Errors and Appeals has uniformly held, that a debt could not be collected if its existence was founded upon a transgression of any of this class of laws. *Brien vs. Williamson*, 7 *How. (Miss.)* 14; *Wooten vs. Miller*, 7 *S. & M.* 385; *Hoover vs. Pierce*, 27 *Miss. Rep.* 23, 24; *Merrell vs. Milchior*, 30 *ib.* 529.

Upon this subject there has been a conflict between the Mississippi cases and the decisions of the Supreme court of the United States, by which such creditors as would have lost their debts in the state courts, have succeeded in collecting them by suing in the federal courts. *Groves vs. Slaughter*, 15 *Pet.* 449; *Rowan vs. Runnels*, 5 *How.* 139; *Truly vs. Wanzer*, *ib.*, 141; *Harris vs. Runnels*, 12 *How.* 79.

Although Judge WAYNE, in the case last cited, speaks of the conflict between that decision and those of the Mississippi courts, as only a seeming and apparent one, yet we cannot so consider it, nor is it so received by the courts of Mississippi, Louisiana and Tennessee.

Since the decision in 12 *Howard*, the Mississippi court of the last resort has expressly stated, that numerous cases, completely analogous to *Harris and Runnels*, had been decided by it directly opposite to that case. The precise question involved in *Harris vs. Runnels* has been decided in accordance with the Mississippi previous decisions, and against the judgment of the Supreme Court of the United States, in a very late case, *Deans vs. McLenden*, 30 *Miss.* 357.

A contract that is void or illegal, where it is made, or where it is to be performed, cannot be valid in any country. *Story Conflict Laws*, secs. 243, 280; *Andrews vs. Pond*, 13 *Pet.* 78.

When the validity of a contract made in violation of the law of Mississsppi is the subject of enquiry in the courts of this State, which decision shall be followed, those of Mississippi, or of the Supreme Court of the United States?

The Mississippi court is the expounder of the Mississippi laws; and in the construction of the statutes of Mississippi, the Supreme Court of the United States ought, by its own rule of

conduct, as invariably prescribed by itself, to respect and follow the exposition that has been declared by the highest court of that State.

On this subject Chief Justice MARSHALL said: "This court has uniformly professed its disposition, in cases depending on laws of a particular State, to adopt the construction which the courts of the State have given to those laws. This course is founded on the principle, supposed to be universally recognized, that the judicial department of every government, where such department exists, is the appropriate organ for construing the legislative acts of that government. Thus, no court in the univeise, which professed to be governed by principle, would, we presume, undertake to say that the courts of Great Britain, or of France, or of any other nation, had misunderstood their own statutes, and therefore erect itself into a tribunal which should correct such misunderstanding. We receive the construction given by the courts of the nation as the true sense of the law, and feel ourselves no more at liberty to depart from that construction, than to depart from the words of the statute. On this principle, the construction, given by this court to the constitution and laws of the United States, is received by all as the true construction, and on the same principle, the construction given by the courts of the several States to the legislative acts of those States, is received as true, unless they come in conflict with the constitution, laws, or treaties of the United States. If, then, this question has been settled in Kentucky, we must suppose it to be rightly settled." *Elmendorf vs. Taylor*, 10 *Wheat.* 159.

This principle has been announced by the same court to be the governing one for it in an indefinite number of cases, and is so implied in *Harris vs. Runnels*.

An application of the principles discussed must affirm the judgment of the Circuit Court.

This suit is brought on a note, and is defended by three pleas, that set up the Mississippi statute, and that the consideration of the note was such a slave as the statute forbid to be sold, with-

9

out the certificate and registry thereof as has been recited.

These pleas in a Mississippi court would, if admitted to be true, as they are here by demurrer, defeat the action, because the contract it seeks to enforce was void for being against the law and public policy of the State.

The second, third and fourth pleas of this case seem to correspond to the first, second and third in *Deans vs. McLenden*, 30 *Miss. R.* 344, which was like this case, and in which the notes sued on were held to confer no right of action.

In Mississippi, no action could be sustained on the note sued on in this case. The note was made in Mississippi, and with reference to its law; the plaintiffs ought not to expect to have their rights enlarged by the laws of this State. *Whiston vs. Stodder* 8 *Mod.* 135.

The effect of the Mississippi prohibition against the introduction of slaves for sale into the State, has been passed on in Louisiana and in Tennessee, whose courts have followed, as being bound by the decisions of the Mississippi court. *Cotton vs. Brien*, 6 *Rob.* 115; *Yerger vs. Rains*, 4 *Humph.* 262.

Although the Supreme Court of Louisiana, in view of the conflict between the State and Federal tribunals, in the construction of the constitutional and legislative provisions of Mississippi, considered the question an open one so far as the citizens of Louisiana might be affected thereby, it followed the decisions of the Mississippi courts.

We think, as did the Tennessee court in a similar case, that the question involved in this case, is one that the Mississippi courts have a right to determine; and they having determined it, their determination should be respected everywhere.

Like Judge CLAYTON, in *Wooton vs. Miller*, 7. *S & M.* 386, we have nothing to say, in favor of such a defence as the pleas present; though with Judge GREEN in *Truly vs. Wanzer*, 5 *Howard* 142, we might characterize the defence as unconscionable, as a court we have only to apply the law to the case.

The policy of the Mississippi statutes is abundantly defended in the decisions of its court; its decisions profess to rest firmly

upon general principles and adjudged cases: but apart from that, we are to follow them, because they are given by the tribunal whose construction of the law pleaded must everywhere be taken to be its true meaning and effect.

The defences in this case, other than the three pleas of the Mississippi statute, were withdrawn by consent; and no question arises here but upon the action of the court in overruling the demurrer to the pleas, which is approved.