## BLACKWELL *v.* WEBSTER, and another, Adm'r, etc.[1]

*(Circuit Court, E. D. New York.   June 4, 1886.)*

CONFLICT OF LAWS—CHAMPERTY—CONTRACT TO COLLECT A LEGACY ON SHARES—MADE IN MAINE—SUIT TO ENFORCE, BROUGHT IN NEW YORK.

An agreement was entered into in the state of Maine between plaintiff, a resident of the state of New York, and defendant, a resident of Maine, whereby plaintiff, in consideration of prosecuting defendant's claim to a certain legacy, was to receive one-third of what money defendant might recover. A statute of the state of Maine makes criminal the act of making an agreement to prosecute a suit on shares. The suit was brought in the state of New York, where such agreements are legal. *Held*, that the validity of the contract was to be determined by the law of Maine, and that the effect of the above statute of Maine was to render the agreement void. Whether New York could be held to be the place of performance of this agreement, *quære.*[2]

Action in Equity for an Accounting.
*Frank E. Blackwell*, plaintiff in person.
*Stanley, Clark & Smith,* for defendants.

BENEDICT, J.   The plaintiff's right to recover in this action depends upon the validity of an agreement made between him and the defendant Charles S. Webster, whereby, in consideration of services to be performed by the plaintiff as attorney in prosecuting the defendant Webster's claim to a legacy of $10,000, left a deceased daughter by the last will and testament of her uncle James Brady, one-third of the money that the defendant Webster might recover under said will, as heir at law of his daughter, was assigned to the plaintiff.   At the time of the making of this agreement the plaintiff was a resident of the state of New York; the defendant Webster a resident of the state of Maine.   The agreement was entered into in the state of Maine, and there it was reduced to writing, and executed.   At that time, as now, there was in force in the state of Maine a statute providing that "any person agreeing to prosecute or defend a suit at law or equity upon shares shall be punished by a fine not exceeding one thousand dollars, nor less than twenty dollars, or by imprisonment not more than one year;" and one of the questions presented for decision here by the defendants is whether the effect of this statute of Maine is to render void the agreement upon which the plaintiff bases his right to recover.

In determining this question it is to be observed that the act made criminal by the statute of Maine is not the act of prosecuting a suit

[1] Reported by R. D. & Wyllys Benedict, Esqs., of the New York bar.

[2] A contract valid where made, is enforceable in the courts of another state according to whose laws it would not be valid, Hickox v. Elliott, 27 Fed. Rep. 830; S. C. 22 Fed. Rep. 13; Swann v. Swann, 21 Fed. Rep. 299; Brown v. Browning, (R. I.) 7 Atl. Rep. 403; but not if such contract is repugnant to its policy, or injurious to its interests, Pittsburgh & S. L. R. Co.'s Appeal, (Pa.) 4 Atl. Rep. 385.   A contract prohibited by the laws of the state where made, is not enforceable in the courts of another state according to whose laws it would be valid.   Stewart v. Garrett, (Md.) 4 Atl. Rep. 399.

on shares, but the act of making an agreement to prosecute a suit on shares. It is also to be observed that the statute is not confined to agreements respecting suits to be prosecuted in the courts of Maine, but includes all agreements to prosecute a suit on shares, without regard to the place where the suit is to be instituted. Its plain object is to prevent the making of agreements of the character described, within the state of Maine. It is also to be observed respecting the agreement in question here that it contains no language limiting its operation to the prosecution of suits outside the state of Maine, but included suits instituted in the state of Maine as well as elsewhere. It is, however, true that the circumstances attending the making of the agreement show that the object of the agreement was to procure the institution of a suit in New York; that a suit in Maine was not contemplated, and all the services rendered by the plaintiff in pursuance of the agreement were performed in New York. Upon the facts, the plaintiff, in opposition to the contention of the defendant, insists that his agreement was an agreement to be performed in New York, and therefore is to be judged according to the law of New York, and not according to the law of Maine.

Upon this question my opinion is that the validity of the agreement in question is to be determined by the law of Maine, and that the effect of the statute of Maine, already referred to, is to render the agreement void; for the plaintiff, when he entered into the agreement in question, did an act made criminal by the law of the place where the act was done. The statute of Maine forbade the doing in the state of Maine precisely what the plaintiff did when he agreed to prosecute Webster's suit on shares. As soon as the agreement was made, the plaintiff became liable to indictment in the courts of Maine for making the agreement, and to such an indictment it would have been no answer to say that he contemplated doing other acts in New York in accordance with the agreement. A criminal act can never be the foundation of a lawful agreement. The agreement was void at its inception, because the making of such an agreement was made criminal by law. For this reason the agreement could not be enforced in a court of Maine, and, if not enforceable in Maine, it is not enforceable elsewhere. Says the supreme court of the United States in *Coppell* v. *Hall*, 7 Wall. 549: "The principle to be extracted from all the cases is, that the law will not lend its support to a claim founded upon its violation." So, also, the court of appeals of New York in *Hyde* v. *Goodnow*, 3 N. Y. 269, says: "Assuming that the contracts in question had been made in Ohio, and that by the laws of that state such contracts are declared void, the courts of this state would be bound also to declare them void, though by their terms they were to have been performed here, and though, if made here, they would have been valid."

But the plaintiff contends that this contract was lawful because the place of performance was in New York. But it seems to me to be plain that, inasmuch as the act of making the agreement could

not lawfully be done in Maine, the circumstance that other acts were intended to be done in New York in pursuance of the agreement cannot render lawful the act that was done in Maine. In such a case as this there is no room to apply the fiction of the law that the place of performance of a contract is to be deemed the place of making it. Here the question of the illegality of the agreement arose before anything was done in New York, because of the character of the agreement, and not because of the character of, acts intended to be performed in pursuance of the agreement. The plaintiff, for what he did in performance of his agreement within the state of New York, could not be indicted in Maine, but for what he did in Maine he could be there indicted, and that act is the foundation of his claim to recover in this action. He is asking the law to enforce a claim founded on a violation of the law. It is upon this point that I base my decision, and I find nothing in any case cited, including *Pritchard* v. *Norton,* 106 U. S. 124, that should compel a different conclusion.

But it may be added that it is far from clear that New York can be held to be the place of performance of the agreement in question. As executed in Maine, the agreement constituted a present assignment, then and there made by Webster, of an interest in a claim then belonging to him, a citizen of Maine. The plaintiff was to be paid one-third of such sum as might be received by Webster by virtue of the will. A reception of the money by Webster, before any division with the plaintiff, was clearly contemplated, and there is nothing whatever to indicate that such division was to be made in New York. The *situs* of Webster's personal property is Maine, and what the agreement provided for is a division of a portion of his property. It seems difficult, therefore, to hold that New York was by the agreement made the place of performance. My decree, therefore, is that the plaintiff cannot recover, and his action is accordingly dismissed.

Inasmuch as no appeal can be taken from my decree, I have delayed promulgating this opinion in order to submit it to Mr. Justice BLATCHFORD, when holding court in this district, and, having so submitted it, I am authorized by him to say that he concurs therein.