Alexander v. Barker.

---

WILLIAM ALEXANDER v. A. A. BARKER.

No. 12,428. (67 Pac. 829.)

SYLLABUS BY THE COURT.

1. CONTRACTS—*Agency—Verification of Pleadings.* Allegations in pleadings of the execution of contracts of agency are to be taken as true unless the denial of them be verified by affidavit; but a counter-pleading which does not seek to put the execution of the contract in issue, but which admits its execution by failing to deny it by affidavit, and for new matter pleads its illegality, does not require verification.

2. ———— *Indian Territory Lands—Enforcement in Kansas.* When the subject-matter of a contract is wholly in a sister state or foreign country, and the agreement in respect to it is to be wholly performed there, its validity is determinable by the laws of such state or country; hence, a contract of agency in respect to

Alexander v. Barker.

lands in the Cherokee nation of the Indian Territory, which is to be performed there, but which is invalid by the statute law of the Cherokee Indians, is non-enforceable here, although a suit for non-compliance with it may be of the class called transitory.

3. ——— *Accounting not Required.* One of two parties to an illegal contract, who receives profits through the execution of it, will not be compelled to account to the other, because to require him to do so would be the enforcement of the illegal agreement.

Error from Labette district court; A. H. SKIDMORE, judge.   Opinion filed February 8, 1902.   Affirmed.

*A. D. Neale,* for plaintiff in error.

*J. H. Crichton,* for defendant in error.

The opinion of the court was delivered by

DOSTER, C. J.: This was an action to recover an amount of rent money alleged to have been collected for a landlord by his agent. William Alexander claimed to be entitled to citizenship in the Cherokee nation in the Indian Territory. His claim was denied by the Cherokees and was under investigation by the proper tribunal, but had not been decided. Pending the adjudication of his claim he took possession of a tract of land in the Cherokee nation and improved it, and, as he alleged, employed A. A. Barker, a citizen among the Cherokees, as his agent, to rent the land and collect the rent money. Collections were made but not accounted for, as he alleged; wherefore suit was instituted. Judgment went against him and he has prosecuted error.

Plaintiff in his petition averred the employment of the defendant as his agent, and the action of the latter under the authority conferred. To this, among other matters of defense, an unverified denial was interposed. The statute declares that "allegations of the existence of any appointment or authority shall be

taken as true, unless the denial of the same be veri-
fied by the affidavit of the party, his agent or attor-
ney.'' (Civil Code, § 108; Gen. Stat. 1901, § 4542.)
Plaintiff in error states in his brief that ''he relies for
a reversal of this case upon the one proposition—that
it was error for the court to permit defendant to show
that he was not the agent of the plaintiff in the col-
lection of the rents mentioned, but was himself the
owner of the improvements.'' This claim of error
might be well taken were it not for a fact pleaded by
the defendant which disclosed an insuperable legal
barrier to a recovery by the plaintiff. That fact was
the existence of the following statute laws of the
Cherokee nation:

''ARTICLE 11.

''SEC. 779. It shall be unlawful for applicants for
citizenship to exercise any of the rights thereof until
his claim for such rights are determined. He shall
not attempt to cut timber, build houses, buy property
or commence merchandising, or do any other business
before he is adjudged to be a citizen, nor shall it be
lawful for any citizen of this nation to aid such claim-
ant in doing any of these things, and any citizen so
offending shall be punished by a fine of ten nor more
than one hundred dollars, or be imprisoned for not
less than ten nor more than ninety days, at hard labor,
or both by fine and imprisonment. The proper tri-
bunals shall take cognizance of all such offenses and
have jurisdiction thereof.

''The sheriff or other officer proceeding against such
parties, shall be entitled to one-half of such fines, after
the cost of suit has been deducted therefrom.''

''ARTICLE 12.

''SEC. 780. All improvements, whether the same be
farms in cultivation, pastures enclosed, wells dug or
bored, dwelling-houses, barns or other structures built
or erected, growing crops, erections of any kind upon
the public domain, now made or that may hereafter

be made by any person or persons, not citizens of the
Cherokee nation, and who are not authorized by the
laws thereof or its treaties with the United States, are
hereby declared to be property of the Cherokee nation,
and any sale or pretended sale, lease or conveyance of
any nature or kind whatsoever from such unauthorized
persons hereinbefore declared to be intruders and tres-
passers upon the public domain, to any person, a citi-
zen of this nation, or otherwise, is hereby declared
null and void' and of no effect whatever.

"Sec. 781.  It is the duty of the sheriffs of the sev-
eral districts to take charge of, in their respective dis-
tricts, all such improvements that may be abandoned
or that may have been placed in the hands of any citi-
zen of this nation, and the same to hold until disposed
of by the national council."

The answer in this case amounted to a plea of con-
fession and avoidance.  It confessed the contract of
agency averred in the petition; that is, confessed it
by not denying it, and sought to avoid its effect by
pleading its illegality.  This may be done.

The record does not contain the evidence.  It con-
tains only a synopsis of it in the form of a statement
of what it tended to prove.  It is not clear from this
statement whether evidence in support of the plea of
confession and avoidance was offered and received;
but, construing the meager and somewhat vague re-
citals of the statement as best we can, our conclusion
is that such was the fact.  The case was tried before
a jury and a general verdict returned for defendant.
The record does not contain the court's instructions,
and, therefore, we are unable to know what issuable
facts were submitted to the jury, but, as stated, we
conclude from the epitome of the evidence contained
in the record (although as matter of construction of
the language used) that the plea of confession and
avoidance was supported by proof.  It only remains,

therefore, to examine the validity of the plea in avoidance of the plaintiff's claim of agency.

William Alexander was not a citizen of the Cherokee nation. His claim of citizenship had not yet been determined in his favor. Pending its favorable determination, he could not acquire or exercise any property rights on Cherokee lands or among the Cherokee people. His attempt to acquire such rights was denounced by the above-quoted statutes to be "unlawful," and by them all improvements made by him were declared to be the property of the Cherokee nation, and the lease made by him, to effectuate which the contract of agency was made, was declared "null and void and of no effect whatever." The statutes quoted do not appear to impose any penalty of fine or imprisonment on the non-citizen violating their provisions, but they impose heavy penalties on the citizen who aids a non-citizen in doing any of the prohibited acts. In order to taint a contract with that illegality which results from its violation of statutory law, it is not necessary that the offending parties subject themselves to criminal penalties. If the language of the law expresses a policy which the act of the parties violates, such act is without legal efficacy, and no claims of right can grow out of it. The subject-matter of the alleged contract of agency was one in respect of which no legal agreement could have been made. Alexander could not have land in the Cherokee nation, therefore he could not have a tenant on any such land, and the lease or other contract of rental made by him was, in the language of the Cherokee statute, "null and void and of no effect whatever."

The contract of agency relied on by Alexander was in writing, but the record does not show whether it was executed in this state, or in the Cherokee nation.

However, knowledge of that fact is not material. The place of performance of the contract was wholly in the latter jurisdiction, and it became thereby a contract of that jurisdiction, to be governed in all respects as to its validity by the laws of the Cherokee nation. (*Railroad Co. v. Johnson et al.*, 61 Kan. 417, 59 Pac. 1063.) No matter where the act of executing the writing occurred, it was as though executed in the Cherokee country. This being true, and it also being true that the contract was void by the laws of the Cherokees, it cannot be made the basis of an action here. It is a general rule that contracts made in one jurisdiction, and intended to be performed there, but which cannot be made the basis of an action there, are non-enforceable elsewhere. Though an action for non-adherence to the agreement may be of the class called transitory, it cannot be maintained in the courts of another state or country. (*McAllister v. Smith*, 17 Ill. 328, 65 Am. Dec. 651; *Moore v. Clopton*, 22 Ark. 125; *Henry M. Ivey v. Joseph Lalland,*, 42 Miss. 444, 97 Am. Dec. 475, 2 Am. Rep. 606; *Satterthwaite v. Doughty*, Busb. (N. C.) 314, 59 Am. Dec. 554; *Forepaugh v. Railroad Co.*, 128 Pa. St. 217, 18 Atl. 503, 5 L. R. A. 508, 15 Am. St. Rep. 672; *Brothers v. Church*, 14 R. I. 398, 51 Am. Rep. 10; *Kerwin v. Doran*, 29 Mo. App. 397; *McGarry et al. v. Nicklin*, 110 Ala. 559, 17 South. 726, 55 Am. St. Rep. 40; *Tredway v. Riley*, 32 Neb. 495, 49 N. W. 268, 29 Am. St. Rep. 447; *Rue v. Missouri Pacific Rly. Co.*, 74 Tex. 474, 8 S. W. 533, 15 Am. St. Rep. 852; *Andrews v. Pond*, 13 Pet. 65, 10 L. Ed. 61; *Blackwell v. Webster*, 23 Blatch. 537, 29 Fed. 614.)

The most frequent application of the rule occurs in actions brought in the courts of the different states on alleged liabilities under the laws of sister states, but it applies as well to actions brought in the courts of foreign countries on claims of liability non-enforceable

by the laws of the sovereignty where made to be performed. (Story, Confl. of L. §§ 242, 243.) Hence, although the Indian countries are · viewed in some aspects and for some purposes as foreign nations, yet contracts non-enforceable there are likewise non-enforceable here.

A claim of estoppel is made against Barker. It is said that having received money under a contract with Alexander, he of necessity admitted it to be Alexander's money, and cannot now be heard to say that the contract was illegal. The fallacy of this claim lies in the fact that Barker got nothing under the contract from Alexander. He got nothing which grew out of anything which Alexander had. This was not an action to recover the value of anything of which Alexander was possessed, although illegally, which he had turned over to Barker under an agreement of sale, as for instance the improvements which the former had made on the land, but it was an action to recover something of which he was not possessed, of which he could not be rightfully possessed, which had no existence when the contract was made, which could have no existence except through the contract, but in respect to which it was illegal to contract. The rule is that when persons enter into an illegal contract, and one of them receives the profits or other advantages arising therefrom, the courts will not compel him to account therefor, as in such case the right of the other to a share therein, or to the whole of it, if such were the agreement, would have to be based upon the illegal contract, and to permit him to recover it would be, in reality, an enforcement of the illegal scheme. The law therefore leaves him where it finds him. (15 A. & E. Encycl. of L. [2d ed.] 1008 *et seq.*)

The judgment of the court below is affirmed.

SMITH, POLLOCK, JJ., concurring.