E. K. BLAIR v. THE CITY OF ATCHISON *et al.*

CITY—*Paving Street — Cost — Assessment.*  In assessing the cost of paving and curbing a street, under the provisions of § 4, ch. 99, Laws of 1887, such cost of improvements must be assessed for the full amount thereof upon all the lots and pieces of ground to the center of the block on either side of said street, the distance to be improved, according to the assessed value of each lot and piece of ground; and such block on either side of such improved street, the distance of a block, becomes a block, or taxing district, as contemplated by § 4.

*Error from Atchison District Court.*

APPLICATION for an injunction to restrain the defendants from placing a certain paving and curbing tax which had been assessed against the property of the plaintiff in error, upon the tax-rolls of the county, and from collecting the same, and from issuing bonds therefor.  The plaintiff alleged that he was the owner of lot 7, in block 16, in the city of Atchison, and that by reason of the tax assessed, and which was sought to be collected and enforced against said lot, plaintiff would be compelled to pay a large sum in excess of the amount required by law; that the tax assessed against said lot was $505.15 for paving and curbing, and the amount that should have been assessed against said lot was $358.70.  Plaintiff alleged that he tendered to said city the full amount of said tax due, and which the city ought to have collected, upon said lot for said curbing and paving.  The petition came on to be heard before the court on September 3, 1888, upon the application of the plaintiff for a temporary injunction.  The following is the agreed statement of facts, together with plaintiff's petition, presented to the court:

"That the street was paved and curbed from the north line of Main street to the south line of Kansas avenue, excepting the areas made by the crossing of streets, the paving of which was paid for by the city and not made a charge upon any property in particular, under a petition of property-owners in accordance with § 13, ch. 18, Comp. Laws of 1885.  That between the south line of Commercial street and the north line of Main

23— 40 KAS.

street the paving and curbing extended from Main street to Commercial street, on the east half of said street, and on the west half of the same the curbing extended from Commercial street to the north line of the alley between Main and Commercial, about 150 feet, and the paving on the west half of said street extended from south line of Commercial street south to the south line of said alley, 165 feet. That the other portion of the west half of said street had been previously occupied by the north approach of a viaduct, which approach had been constructed and paved and curbed by the said city at the expense of the railroad companies whose tracks are crossed by said viaduct; and by reason of the elevation of said north approach, those only who wish to cross the viaduct use said approach, while those who wish to reach Main street can only do so on the east half of said Sixth street; and that the only question raised herein is as to 'whether the assessments shall be made for the cost of all the paving and curbing on the street the distance of one block separately, on all lots and pieces of ground to the center of the block on either side of such street, or for the cost of the paving on each side of the street to the center thereof, on all lots and pieces of ground in the half-block abutting on each side respectively, according to the assessed value of the lots,' etc.; in other words, shall each block of lots to its center be assessed for the cost of such improvement in front of it to the center of the street?"

The court refused to grant the temporary injunction. The plaintiff brings the case here.

*B. F. Hudson,* for plaintiff in error.

*W. R. Smith,* city attorney, for defendant in error, City of Atchison.

Opinion by CLOGSTON, C.: But one question is presented for consideration, and that is, what is the proper manner of levying an assessment for the paving and curbing of a street between two blocks? To determine this question, § 4, chapter 99, of the Laws of 1887, must be construed. So much of said section as affects this question is as follows:

"And for all paving, macadamizing, curbing and guttering of the streets and alleys, the assessment shall be made for the full cost thereof on each block separately; on all lots and pieces

of ground to the center of the block on each side of such street or avenue the distance improved or to be improved."

Under this statute the city curbed and paved Sixth street in the city of Atchison, being the street separating blocks 16 and 39, plaintiff's property being a part of block 16; and under this statute the city was seeking and claiming the right to charge the cost of the paving and guttering to the center of the street to the lots and pieces of land to the center of block 16, and the cost of paving and guttering the other half to the lots and pieces of land to the center of block 39.

The plaintiff in error contends that this manner of assessment is wrong; that the entire cost of paving the street between said blocks should be ascertained and the levy made upon the half-blocks on either side of the street for the full cost of such improvement, according to the value of said lots. We are inclined to the view taken by the plaintiff in error, and think that the statute above quoted plainly indicates that as the manner of assessing the cost of such improvements. The statute says assessments shall be made for "the full cost thereof." The full cost thereof refers to the paving and guttering of the street. Upon what property is this assessment to be made? "On all lots and pieces of ground to the center of the block on each side of the street or avenue to be improved." The mistake has doubtless arisen in determining what is meant by "each block separately." We think that this means that each block, or the street between each block for the distance of a block, shall be separate from that of an adjoining block in the city; that each block, or the two half-blocks divided by the street, the distance of a block, becomes a block or taxing district as contemplated by § 4, and does not have reference to a division of the costs and apportionment of the expenses of its improvement between the two half-blocks divided by the street.

To give this statute the meaning contended for by the defendant in error, would, in our judgment, in many instances work great injustice. The half-block on one side of the street may be of comparatively little value, while the half-block on

the opposite side may be of great value.    To divide the entire cost of the improvement equally between the two half-blocks would throw as great a burden upon the inferior half-block as upon the more valuable half; and in some instances the improvement of the street might cost more and the assessment levied upon the property be greater than the entire value of the half-block; but by a division and apportionment of the expense, as contended for by the plaintiff in error, it would leave the burden upon the half-block on either side of the street, according to the value of the lots and pieces of ground composing each half-block.

We therefore recommend that the court below be directed to grant the temporary restraining order, as prayed for by the plaintiff in error.

By the Court: It is so ordered.

All the Justices concurring.