# P. OLSSON *et al.* v. THE CITY OF TOPEKA *et al.*

1. INJUNCTION—*Oral Evidence—No Error.* On the hearing to dissolve a temporary injunction on a motion, which was silent concerning the nature of the evidence to be offered at the hearing, the admission of oral evidence was not error, after both parties had announced themselves ready for trial.

2. PAVING STREETS—*Sufficient Estimate.* It is the duty of the city engineer of a city of the first class to make, under oath, a detailed estimate of the cost of paving and curbing the street proposed to be improved; such estimate is sufficient if it states the surface to be paved, the kind of pavement, the cost per yard and the aggregate cost of the same; the number of lineal feet of curbing, its character, and the cost per foot and the aggregate cost; if the estimate states that the paving of a certain street is to be stone and asphalt, its character is sufficiently described.

3. ASSESSMENT *of Cost of Paving Street.* In assessing the cost of paving and curbing a street under the provisions of § 4, chapter 99, Laws of 1887, such cost of improvement must be assessed for the full amount thereof upon all the lots and pieces of ground to the center of the block on either side of said street the distance to be improved, according to the assessed value of each lot and piece of ground; and such block on either side of such improved street, the distance of a block, becomes a block or taxing district as contemplated by said district. (*Blair v. City of Atchison,* 40 Kas. 353.)

4. LOT *Subject to Taxation.* It is not necessary that a lot should abut upon the street to be paved and curbed, in order to make it subject to taxation for such improvements; it is sufficient if it lies in that half of the block next to the street paved and curbed.

5. CITY—*Block—Subdivision.* A block is a portion of a city inclosed by streets or avenues, and where such block or square is subdivided by alleys or lanes it still remains one block, and the parts thereof, though surrounded by public ways, are not made blocks thereby, but remain subdivisions of the block inclosed by streets or avenues.

*Error from Shawnee District Court.*

THE material facts are stated in the opinion, filed on February 9, 1889. The plaintiffs in error filed a motion for a rehearing, which the court denied at the April session thereafter, but filed no opinion.

*F. G. Hentig,* for plaintiffs in error.

*W. A. S. Bird,* city attorney, contra.

Opinion by HOLT, C.: The plaintiffs filed their petition in the district court of Shawnee county, praying that the defendants be enjoined from taking steps looking to the collection of a special assessment, or threatened assessment, on their property near Sixth avenue in the city of Topeka, for the improvements being made thereon. The petition states that the plaintiffs are the owners of certain lots, describing them, in the city of Topeka, on Topeka avenue, Van Buren, Tyler, Polk and Taylor streets; averring further, that the city of Topeka had entered into a contract to grade, curb and pave Sixth avenue from the west line of Jackson street to the western boundaries of the city; that it made such contract without authority, and also that the lots above named do not abut upon Sixth avenue and are not benefited by the grading, curbing and paving of said avenue, and that the several lots named are not liable for the costs of such improvement. They also further allege that the city council directed a special assessment and levy to be made; that the city clerk had threatened and was about to certify said special assessment to the county clerk of Shawnee county to be placed on the tax-rolls of said county, etc. A temporary restraining order was issued by the probate court of Shawnee county on August 30, 1888; on the 6th day of September a motion was made to dissolve such order, giving as a reason therefor that the allegations in plaintiffs' petition were untrue, except as specially admitted in defendants' answer. This motion was heard upon the 7th, upon oral testimony, and the injunction dissolved; the plaintiffs are here as plaintiffs in error.

The plaintiffs complain, first, that the court allowed oral testimony to be introduced, at the hearing of the motion; second, that the city engineer had made no special detailed estimate of the cost of grading, curbing and paving this avenue or street; third, that the court erred in holding that the

lots in question were liable for improvements upon a street upon which they did not abut.

Concerning the first objection, it appears that both parties met and announced themselves ready for trial, and although the plaintiffs objected to the introduction of oral testimony, they did not ask for a continuance; and oral evidence was offered both by plaintiffs and defendants on the hearing of the motion. It is doubtful whether this objection is fairly raised by the record; in any event, after the plaintiffs themselves offered oral testimony without any application for a continuance, or any showing that they were prejudiced in any way by the ruling of the court, we are of the opinion that whatever ground the plaintiffs may have had for error in this proceeding was waived; it is not in their mouths to claim now, under the circumstances, that the court erred in proceeding with the trial after they had announced themselves ready.

The second objection is, that there has been no detailed estimates of the grading, curbing and paving of this avenue. There had been estimates submitted by the city engineer stating the number of yards to be graded and the cost per yard, number of yards to be paved and cost per yard, number of lineal feet of curbing and the cost per lineal foot, and of the engineering and other expenses. The only concern these plaintiffs could have in the estimates made by the city engineer is in the paving and curbing of the avenue in question. The engineering and grading were to be paid out of the general-improvement fund by the city, and we therefore shall only examine the estimates made for paving and curbing. Part of the avenue was to be paved with stone and asphalt, and the estimate of the city engineer on that part to be thus paved was 2,633 square yards, at a cost of $2.85 per square yard; curbing, 600 lineal feet, at 85 cents per lineal foot; the number of yards is given and price per yard, and the aggregate cost of paving; the number of lineal feet of curbing is given, and price per foot, and aggregate amount. We would suppose this was sufficiently detailed and definite, but the plaintiffs say that it was specified it should be of

stone *and* asphalt, which is an uncertain if not an improbable description of the paving of the street. We cannot agree with them in that contention. The ordinary paving called asphalt is the overlaying of a mixture of asphalt, lime and sand upon a body of rock or stone, and we do not believe that anyone could have been misled by the statement that it was stone and asphalt. Part of the estimates provided that the paving should be of red cedar wood, and the number of square yards, giving cost per square yard, and aggregate amounts, and also the curbing as above set forth.

The plaintiffs cite us to *Gilmore v. Hentig*, 33 Kas. 175; and *Hentig v. Gilmore*, 33 id. 234. In those cases the estimates were held to be insufficient; they were not made under oath, as provided by law, and although they gave the number of feet and price per foot of paving, they failed in any way to intimate what the pavement should consist of, whether wood, stone, stone and asphalt, plank, brick, or concrete, and it was there held an insufficient estimate under the law. But in this instance the estimate is under oath, the area and cost are given, and in addition the kind and nature of paving is set forth. The reasons given in those cases why the estimates were not sufficient, have been complied with in this instance. We believe the estimates were sufficient under Comp. Laws of 1885, ch. 18, § 22.

The further and last objection we shall notice is, that these lots do not abut upon the street to be paved and curbed, and therefore are not liable for the expense of paving and curbing. It is not necessary that they abut upon the streets to be improved. (*City of Ottawa v. Barney*, 10 Kas. 270.) The statute has provided in what way streets shall be improved, and what property is liable for the improvement. Section 4, chapter 99, Laws of 1887 provides: "For all paving, curbing and guttering of the streets and alleys, assessment shall be made for the full cost thereof on each block separately, and all lots or pieces of ground to the center of the block on either side of each street or avenue the distance to be improved." This provision has been construed in *Blair v. City of Atchison*,

40 Kas. 353.   It appears in evidence that these lots, while
they are within that half of the square next to the street to
be improved, are separated from that portion of the lots near-
est the street by an alley running through the square, but not
through the center thereof, and the lots in question, although
they were on the other side of the alley from the street im-
proved, were in that half of the square next to it.   This
brings them within the rule enunciated in *Blair v. City of
Atchison*, supra.   To break its force the plaintiffs contend
that a block is any compact body of land in a city surrounded
by any public ways, whether they be streets, avenues, lanes, or
alleys, and that the part of the city inclosed by streets should
be denominated a square as distinguished from a block.   They
further say this construction could be readily applied in Topeka
especially, for the reason that the squares have not been num-
bered here as blocks as they have been in most of the other
cities of the state.   The statute provides that words shall be
construed according to the approved usages of the language,
except technical words and those that have acquired a pecul-
iar meaning, which shall be construed according to their
peculiar meaning.   (Comp. Laws of 1885, ch. 104, § 1.)   We
have no hesitation in saying that the ordinary signification
of a block in a city is understood to be a part of the city in-
closed by streets.   It is certain that a block has no such tech-
nical and peculiar meaning in Kansas, as contended for by
plaintiffs; on the contrary, its ordinary signification has been
approved and emphasized in this court.   In the case of *City
of Ottawa v. Barney*, supra, Judge BREWER, in rendering the
opinion of the court, says: "A block is defined by Webster
as 'a square or portion of a city inclosed by streets, whether
occupied by buildings or composed of vacant lots.'   It is a
portion of ground surrounded by streets."   We are well satis-
fied with the definition, and taking it as our guide in this de-
cision, it follows as a matter of course that the word *square*,
used by plaintiffs, is synonymous with *block*, and therefore
these lots in question lying on that part of the block nearer
this avenue than to the street on the opposite side thereof, are

subject to taxation for these improvements, without any reference whatever to where the alley runs through the block or square.

The judgment of the court in dissolving the restraining order was correct, and we recommend that it be affirmed.

By the Court: It is so ordered.

All the Justices concurring.