JAMES W. PARKER v. THE CITY OF ATCHISON *et al.*

CASE, *Followed.* The judgment in this case must be affirmed, upon the authority of *Blair v. City of Atchison*, 40 Kas. 353.

*Error from Atchison District Court.*

ACTION to restrain the collection of certain taxes. The opinion herein, filed May 7, 1892, contains a sufficient statement of the facts.

*W. W. & W. F. Guthrie*, for plaintiff in error.

*W. D. Gilbert*, city attorney, for defendants in error.

*Per Curiam:* The judgment in this case must be affirmed, upon the authority of *Blair v. City of Atchison*, 40 Kas. 353. In that case, Blair was the owner of lot 7, in block 16. In this case, Parker is the owner of lots 11, 12, 13, and 14, in block 39. Sixth street, which was paved and curbed, separates block 16 from block 39. Block 16 is on the east side of the street, and block 39 on the west side. After the decision was handed down in the Blair case, the special assessments for paving and curbing Sixth street were reassessed or

relevied to the center of blocks 16 and 39, according to the statute as therein construed. It is claimed, however, as the west half of Sixth street, along the whole length of lot 14, in block 39, is occupied with a viaduct approach, and so constructed with stone walls and abutments as to exclude that portion of Sixth street from use, and renders it incapable of any grading, curbing, or paving, that the assessments or levies on lots 11, 12, 13, and 14, in block 39, which front on Main street, are improper and invalid. The trial court found that the assessments or levies were properly made, and valid. (*Blair v. City of Atchison,* supra; *Olsson v. City of Topeka,* 42 Kas. 709.) There is no finding of the trial court that the lots assessed were not benefited. The evidence is not preserved in the record.

It is evident that the assessments under ordinances 976 and 977 were intended as reassessments or relevies for the same improvements for which assessments had been made under ordinances Nos. 931 and 937. The assessments under ordinances Nos. 931 and 937 having been declared null and void by the district court of Atchison county, Parker has no grounds to suppose that the assessments under those ordinances will ever trouble him; therefore it cannot be said that these assessments stand good.

The judgment of the district court will be affirmed.