FISHER v. HUSSEY *et al.*

No. 481. Opinion Filed March 8, 1910.

(108 Pac. 374.)

INJUNCTION—Motion to Dissolve—Oral Evidence. On the hearing to dissolve a temporary injunction on motion, pursuant to Wilson's Rev. & Ann. St. Oklahoma, sections 4437, 4438, which recites that oral testimony would be offered in support thereof, the admission of such testimony, over objection, was not error.

(Syllabus by the Court.)

*Error from District Court, McClain County; R. McMillan, Judge.*

Action by J. B. Fisher against S. M. Hussey and others. Judgment for defendants, and plaintiff brings error. Affirmed.

*Rennie, Hocker & Moore,* for plaintiff in error.
*Ben Franklin* and *J. F. Sharp,* for defendants in error.

TURNER, J. On October 8, 1908, Hon. R. McMillan, judge of the district court of McClain county, on petition of J. B. Fisher, plaintiff in error, plaintiff below, issued at chambers a temporary injunction against S. M. Hussey, J. D. Lynch, and B. A. Smith, defendants in error, defendants below, restraining them from tearing down, opening, destroying, or otherwise removing any fences in and along the section line between sections 26 and 27 and sections 27 and 34, intersecting the land of plaintiff in error, and from trespassing upon said land, and particularly that part thereof described as 33 feet on each side of said section line. On October 16, 1908, pursuant to notice that they would introduce oral

testimony on the hearing in support thereof, defendants moved in open court to vacate said injunction, on the ground that the petition failed to state facts sufficient to sustain the order, and because the allegations therein made were not true. When the motion came on for hearing, after argument, the sufficiency of the petition was taken under advisement. Defendants then offered oral testimony in support thereof, to which plaintiff objected, on the ground that the same could only be heard on affidavits. The objection being overruled, plaintiff excepted, and declined to take part in the examination of the witnesses. At the close of the testimony the court dissolved the injunction, and plaintiff brings the case here, assigning as error that the court erred in permitting said testimony to be introduced in support of said motion. In support of his contention he relies on Wilson's Rev. & Ann. St. Okla. 1903, § 4437, which reads:

"If the injunction be granted without notice, the defendant, at any time before the trial, may apply, upon notice, to the court in which the action is brought, or any judge thereof, to vacate or modify the same. The application may be made upon the petition and affidavits upon which the injunction is granted, or upon affidavits on the part of the party enjoined, with or without answer."

And on section 4438, which reads:

"If application be made upon affidavits, on the part of the defendant, but not otherwise, the plaintiff may oppose the same, by affidavits or other evidence, in addition to that on which the injunction was granted."

The objection is not well taken. Section 4437 specifically provides that the application to dissolve may be made upon plaintiff's own showing—that is, "the petition and affidavits upon which the injunction is granted, or (may be made) upon affidavits on the part of the party enjoined, with or without answer"; which means that, where the application to dissolve is made by the defendant, it "may" be made on affidavit, not that it must be made on affidavit. The language is permissive, and does not mean that the showing must be on affidavit only.

These sections of the statute are identical with sections 4697

and 4698 of the General Statutes of Kansas (1901), but the question seems never to have been squarely passed on in that state. The question was attempted to be raised in *Olsson et al. v. City of Topeka et al.,* 42 Kan. 709, 21 Pac. 219, where the court in the syllabus say:

"On the hearing to dissolve a temporary injunction on motion, which was silent concerning the nature of the evidence to be offered at the hearing, the admission of oral evidence was not error, after both parties had announced themselves ready for trial."

Sections 4437 and 4697, *supra,* are also the same in substance as Bates' Ann. Ohio St. (4th Ed.) § 5584, and sections 4438 and 4698, *supra,* are identical with section 5585 of said Ohio Statutes. In the *State of Ohio v. Budd,* 65 Ohio St. 1, 60 N. E. 988, this question was squarely passed on in the construction of sections 5584 and 5585 of the Ohio Statutes, *supra.* That was a prosecution for perjury. The indictment charged that defendant willfully and corruptly swore falsely upon a material matter in the giving of oral testimony before a judge of the common pleas court, sitting at chambers, upon the hearing of a motion to dissolve an injunction. He was convicted in that court, but, on petition in error, the circuit court of Adams county sustained a demurrer to the indictment on the ground that it failed to state any offense under the law. In the Supreme Court, it was urged that said judgment was right because oral testimony was incompetent upon such hearing. That court, however, held the evidence competent, and reversed the holding. In construing said sections the court in passing said:

"When the parties appear before the court or judge, whether upon an application to grant or to vacate an injunction, to contest the allegations of fact involved, they may, under favor of these provisions, present their evidence by affidavit; but the natural meaning of the language by which the use of affidavits is authorized is permissive only. * * * These provisions of the statute regulate the presentation of evidence upon controverted questions of fact. The Legislature had the common knowledge that the general and most satisfactory mode of presenting evidence, not documentary, is by the testimony of witnesses who appear in court, so that an opportunity is afforded for cross-examination, and some

helpful inferences may be drawn from the appearance and manner of the witness; that a less satisfactory mode of presenting the testimony of witnesses is by deposition, where there is opportunity for cross-examination, although the witnesses do not appear in court, and that the least satisfactory mode of presenting such testimony is by affidavit, where there is neither the appearance of the witness nor an opportunity for cross-examination. These less satisfactory methods of presenting evidence are specially provided for to meet considerations of convenience or necessity. While the Legislature may have required affidavits as the predicate of actions to present evidence which shall enter upon the record, and may have permitted their use upon hearings of this character in view of exigencies which may require immediate judicial action, it is not to be presumed that there was an intention to compel a resort to the least satisfactory and reliable of all modes of presenting evidence. A purpose to deny a resort to the most satisfactory mode should not be imputed to the General Assembly in the absence of provisions indicating it with reasonable clearness. Certainly the natural meaning of words should not be changed to create opportunity for such an inference. We think the circuit court erred in reversing the judgment of the court of common pleas."

Being of opinion that the complaint states facts sufficient to constitute a cause of action, that the court did not err in admitting oral testimony in support of the motion to dissolve, and in no wise abused its discretion in sustaining said motion in the light of the testimony, the judgment of the lower court is affirmed.

All the Justices concur.