SCHOOL DISTRICT NO. 32, OF WILSON COUNTY, *Appellant,* v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF WILSON *et al., Appellees.*

No. 16,973.

SYLLABUS BY THE COURT.

1. PRACTICE, DISTRICT COURT—*Judicial Notice—Tax Levy.* A court may take judicial notice of a tax levied by the board of county commissioners of the county in which the court is held upon all the taxable property in the county.

2. MANDAMUS — *Performance of Legal Duty — Discretion of County Commissioners.* Where a legal duty is cast upon a

board of county commissioners that duty may be enforced by mandamus, and such duty can not be evaded upon the ground that the county officials have a discretion to act.

Appeal from Wilson district court; JAMES W. FIN-LEY, judge.  Opinion filed June 11, 1910.  Reversed.

*E. D. Mikesell,* for the appellant.

*F. M. Woodard,* and *W. H. Edmundson,* for the appellees.

The opinion of the court was delivered by

SMITH, J.: The school district filed a petition in the district court of Wilson county, which, omitting the caption, prayer for relief, signatures and verification, reads as follows:

"The plaintiff says that school district No. 32, in said Wilson county, Kansas, now is, and has been for more than thirty-five years last past, a regularly organized school district under and by virtue of the laws of the state of Kansas; that said school district now maintains, and for two years next preceding the 30th day of June, 1909, maintained, a high school offering and providing for two courses of instruction, each requiring four years' work, viz., a college preparatory course which fully prepares those who complete it to enter the freshman class of the college of liberal arts and sciences of the University of Kansas, and a general course designed for those who do not intend to continue school work beyond the high school; that said high school has not been discontinued.

"That there has been, during the year next preceding said 30th day of June, 1909, such high schools maintained in school districts No. 40 and 47, in said Wilson county, Kansas, and said high schools have not been discontinued.

"That A. F. Squires, J. L. Rogers and J. E. Clark have been, since the 11th day of January, 1909, and now are, the duly elected and regularly acting county commissioners of said Wilson county; that Josie E. Park is now, and has been, since the 10th day of May, 1909, the duly elected, qualified and acting county superintendent of said county.

School District v. Wilson County.

"That at the general election for the year 1906 the following proposition was submitted to the qualified voters of Wilson county, Kansas, viz.: 'May the provisions of the high-school act of 1905 apply in this county?' And at said election a majority of the voters. voting on said proposition voted in favor of the same.

"That on or before the 25th day of July, 1909, the said Josie E. Park, as such county superintendent, certified to the county clerk and county treasurer of said county the average daily attendance in the said several high schools in said Wilson county, in compliance with the provisions of chapter 397 of the Laws of 1905, and acts amendatory and supplemental thereto, for the yea. ending June 30, 1909. Said county superintendent as aforesaid also certified, on or before the 25th day of July, 1909, to the said board of county commissioners the amount of money necessary for the maintenance of such high schools for the ensuing year, which certificate is in words and figures as follows:

"ESTIMATED EXPENSE OF MAINTAINING THE HIGH SCHOOLS.

|  | Altoona. | Fredonia. | Neodesha. |
|---|---|---|---|
| Superintendent's salary | $450 | $500.00 | $600 |
| Teacher's salary | 1,665 | 2,182.00 | 2,250 |
| Janitor | 157 | 150.00 | 180 |
| Fuel and lights | 72 | 67.50 | 125 |
| Apparatus | 300 | 375.00 | 400 |
|  | $2,644 | $3,274.50 | $3,555 |

"That the total amount necessary for the support of such high schools of said county, as so certified, amounts to $9473.50, of which amount this plaintiff is entitled to $2644.

"That the assessed valuation of the taxable property of Wilson county, Kansas, for the year 1909, is $29,-680,365; that none of said districts No. 32, 40 or 47 contain more than 16,000 inhabitants; and that no county high school has been established in said Wilson county, Kansas, and none is now mentioned [maintained] therein.

"That said board of county commissioners have at all times failed, neglected and refused to make such levy as is necessary to produce said amount of $9473.50 for the maintenance of such high schools, although having been demanded so to do; that a levy necessary to produce said sum of $9473.50 will not exceed five-tenths (5⁄10) of one mill on the dollar of the assessed valuation of the

taxable property in Wilson county, Kansas; that demand was made by this plaintiff on the said Josie E. Park, as county superintendent of said county, to make a suitable levy sufficient to provide said amount of $9473.50 and certify same to the county clerk of Wilson county, Kansas, but that the said Josie E. Park refused and neglected to make such levy and has ever since so refused and neglected to make same.

"That this plaintiff has no adequate remedy at law for the said refusal and neglect of defendants."

On application to the judge of the court an alternative writ of mandamus, reciting in detail the facts alleged in the petition as having been made to appear, was allowed. The defendants—the board of county commissioners and the county superintendent—jointly filed a motion to quash the writ, for the reason that the petition of the plaintiff does not state facts sufficient to constitute a cause of action. At the ensuing term of court the motion, or demurrer, came on for hearing, and was by the court sustained generally, whereupon the plaintiff elected to stand upon its pleading, and the court dismissed the action.

The plaintiff makes three assignments of error: (1) That the court erred in sustaining the motion to quash and in dismissing the action; (2) that the court erred in taking judicial notice of a fact which did not appear in the pleading—that the board of county commissioners had levied a tax of two-tenths of a mill for the support of the high schools in question; (3) that the court erred in holding that the amount of tax levied by the board of county commissioners was discretionary with the board, notwithstanding the provisions of chapter 397 of the Laws of 1905 (Gen. Stat. 1909, § 7792 et seq.) and acts amendatory and supplemental thereto. (Laws 1907, ch. 333, Gen. Stat. 1909, § 7797; Laws 1909, ch. 245, Gen. Stat. 1909, § 9394 et seq.)

The defendants contend that as the levying of a tax and determining the amount thereof is a legislative function the acts in question are unconstitutional, in

that they in effect authorize the county superintendent to determine the amount of tax to be levied; that the county superintendent is not a tribunal transacting the county business within the meaning of section 21 of article 2 of the constitution; and that the determination of the amount of tax necessary to support the high schools is discretionary with the board of county commissioners, as in other cases.

The court, in passing upon the motion, said that judicial notice would be taken of the fact that the board of county commissioners did in August, 1909, levy for the high-school fund a tax of two-tenths of one mill on the dollar on all the taxable property in Wilson county, which levy will produce $5936, of which the plaintiff will be entitled to $1664 as its portion thereof, and held that, the board having exercised the discretion vested in it by law, this action can not be maintained.

In a matter of such public notoriety and interest as the levying of a tax upon all of the taxable property in the county we think the court did not err in taking judicial notice of the fact.

As to whether that portion of the act authorizing the county superintendent to estimate the amount necessary to be raised by taxation for the support of high schools, and providing that upon the failure of the board of county commissioners to levy a tax to raise such amount the superintendent should make a suitable levy, is constitutional we do not deem it necessary to decide in this case. The commissioners and the superintendent demurred jointly to the petition. By the ordinary rules of pleading, while the court may in its discretion sustain a demurrer as to one defendant and overrule it as to the other, the court should overrule or sustain a joint demurrer according as the petition does or does not state a cause of action against either defendant. We will, then, consider the petition and demurrer as they relate to the board of county commissioners only, for if the

petition stated a cause of action against either de-
fendant it was stated against the board of commis-
sioners.

Section 6 of chapter 397 of the Laws of 1905, as
amended by section 1 of chapter 333 of the Laws of
1907 (Gen. Stat. 1909, § 7797), reads as follows:

"It shall be the duty of the county superintendent to
certify to the county clerk and to the county treasurer,
on or before the 25th day of July of each year, the aver-
age daily attendance in the several high schools of the
county complying with the provisions of this act for
the year ending on the 30th day of June preceding, and
to certify to the board of county commissioners the
amount necessary for the maintenance of such high
schools the ensuing year, and the county commissioners
shall make such levy (not to exceed three mills on the
dollar of the assessed valuation of the taxable property
within such county) as may be necessary to produce
such amount; and in case the county commissioners
shall fail to make such levy, then the county superin-
tendent shall make a suitable levy, and certify the same
to the county clerk of such county, who shall enter upon
the tax rolls the levy so made by the county superinten-
dent."

The limitation as to the amount of the assessment
was changed by section 15 of chapter 245 of the Laws of
1909 (Gen. Stat. 1909, § 9408) to five-tenths of one mill
upon the dollar on all taxable property. The limitation
provided in the act of 1909 should be read in lieu of the
portion within parentheses in the above section.

The law imposes upon the county superintendent the
duty of certifying to the county clerk and to the county
treasurer, on or before the 25th day of July of each
year, the average daily attendance in the several high
schools of the county for the year ending June 30 pre-
ceding, and to certify to the board of county commis-
sioners the amount necessary for the maintenance of
such high schools for the ensuing year. Thereupon
this duty is imposed on the county commissioners: they
shall make such a levy, not to exceed five-tenths of a

mill on the dollar of the assessed valuation of the taxable property within the county, as may be necessary to produce such amount.

Other provisions are made in section 5 of chapter 397 of the Laws of 1905 (Gen. Stat. 1909, § 7796) for means by which the county superintendent may acquire the information upon which to base the estimate, which, of course, may be presumed to be in addition to such knowledge as comes to the superintendent in the discharge of his official duties.

By the terms of section 1 of chapter 397 of the Laws of 1905 (Gen. Stat. 1909, § 7792) the act does not apply except to counties in the state in which one or more school districts, or cities of less than 16,000 inhabitants, shall have maintained high schools of the requisite grade.

It thus appears that the county superintendent, in making the estimate of the necessary amount to be raised to support the high schools, may know with practical precision what it has cost to maintain the schools for the year preceding, and that officer is thus probably better prepared to make an estimate of the necessary expenses for the ensuing year than any other officer or officers of the county, not excepting the board of county commissioners. The legislature, probably recognizing this fact, imposed upon the county superintendent the duty of making the estimate and certifying certain facts, and upon the board of county commissioners the duty of levying a tax to raise the amount estimated. A specific duty is by statute imposed upon the county superintendent, and, if the act is valid, as we hold that it is, it imposes a specific duty upon the board of county commissioners, and does not leave that body any discretion in the matter.

The legislative discretion involved in the levying of a tax has in this case been exercised practically by the legislature itself. It has prescribed a very low limit to the rate of taxation, and has prescribed upon what facts.

the commissioners shall act in levying a tax up to such limit. It was said in *Comm'rs of Wyandotte Co. v. Abbott,* 52 Kan. 148, on the authority of numerous cases from this court there cited:

"Where a legal duty is cast upon a board of county commissioners, that duty may be enforced by *mandamus,* and such duty can not be evaded upon the ground that the county officials have a discretion to act." (Page 159.)

(See, also, *Hutchinson v. Leimbach,* 68 Kan. 37, 44.)

We conclude that the court erred in sustaining the demurrer to the petition. The judgment is reversed and the case is remanded, with instructions to proceed in accordance with the views herein expressed.