No. 20,315.

THE STATE OF KANSAS, ex rel. S. M BREWSTER, as Attorney-general, etc., *Plaintiff,* v. GEORGE B. LEVITT, as County Superintendent, HENRY JOHNSON et al., as the Board of County Commissioners, and C. E. BEYMER, as County Clerk of the County of Haskell, *Defendants.*

### SYLLABUS BY THE COURT.

MANDAMUS TO CONTROL JUDGMENT OF COUNTY SUPERINTENDENT UNDER CHAPTER 263 OF THE LAWS OF 1911. A writ of mandamus will not issue to compel a county superintendent to certify to the county commis-sioners and county treasurer such an amount as is necessary to *maintain* a high school, under chapter 263 of the Laws of 1911, after the superintendent has, in good faith, certified such an amount as, in his judgment, is necessary to *aid* the district in maintaining the high school, although the amount certified will not of itself pay the expenses of the school for the ensuing year.

Original proceeding in mandamus. Opinion filed October 16, 1915. Writ denied.

*S. M. Brewster,* attorney-general, for the plaintiff; H. W. *Stubbs,* of New Ulysses, of counsel.

*C. G. Dennis,* of Sublette, for the defendants.

The opinion of the court was delivered by

MARSHALL, J.: In 1912 the board of county commissioners and the county superintendent of Haskell county determined to aid school district 23 in that county in maintaining a high school under chapter 263 of the Laws of 1911. (See *The State, ex rel., v. Haskell County,* 92 Kan. 961, 142 Pac. 246.) A tax of one-half mill was levied by the county commissioners for the school for that year. For the school year of 1913-'14 the district board of the school district paid out $1581.85 to operate the high school. It will cost $1650 to run the school for the present year.

At the time required by law, defendant George B. Levitt, county superintendent, certified to the county commissioners that a total sum of $500 would be sufficient to aid the high school for the year ending June 30, 1916. This action is brought to compel him to certify that $1650 is necessary to

maintain the high school, to compel the county commissioners to levy a tax, and to compel the county clerk to enter the same on the tax rolls.

The question for our consideration is one of statutory construction, and turns on the meaning of the word "aid" as used in chapter 263 of the Laws of 1911. The plaintiff contends that the word, as used in this statute, means to "maintain," while the defendants argue that it means to "assist in maintaining." The title of the act reads, "An act to provide county aid to schools in counties having a population of less than 10,000." The first section provides that "county commissioners . . . are hereby authorized to make provision for aid to a certain high school or high schools." The second section, in part, reads: "Such high schools when aided shall adopt a course of study."

The fourth section is:

"Such high schools when aided shall be under the supervision and control of the county superintendent and district board, or board of education of the district or city in which the school is located."

In section five it is provided that:

"No high school . . . shall be eligible for such aid except upon a petition to the county superintendent and county commissioners of the county in which such school or schools are sought to be aided, signed by a majority of the school electors of the county in which the school is sought to be aided." . . .

Section ten reads:

"If, upon the presentation of a petition addressed to the county commissioners of any county by a majority of the school electors of such county, asking that certain aid be extended to a certain school district or school districts therein, as provided for herein, and said county superintendent and county commissioners decide to provide the aid petitioned for." . . .

Section eleven reads:

"It shall be the duty of the county superintendent to certify to the county commissioners and to the county treasurer on or before the first day of July in each year, the amount of money necessary to aid the district or districts maintaining high schools." . . .

The word "aid" has a definite meaning, and means to assist or to help. It does not mean to do all there is to be done. As used in chapter 263 of the Laws of 1911, it means to assist

or help the school district in maintaining the high school. It does not mean to maintain the high school. In no place in the act is the word "aid" used with any other than its ordinary meaning. This word is defined in 2 C. J. 1022, as follows:

"To help; to support; to sustain; to succor or to relieve; to assist; to supplement the efforts of another; to help or assist or strengthen; to support by furnishing either strength or means to help to success; the doing of some act whereby the party is enabled, or by which it is made easier for him, to do the principal act or effect some primary purpose."

Subdivision 2 of section 9037 of the General Statutes of 1909 in part reads as follows:

"Words and phrases shall be construed according to the context and the approved usage of the language."

(See, *Olson v. City of Topeka*, 42 Kan. 709, 713, 21 Pac. 219; *Larned v. Boyd*, 76 Kan. 37, 40, 90 Pac. 814.)

There is no ambiguity in this statute.

"Where the statute is plain and unambiguous, there is no room left for a judicial construction so as to change the language employed therein." (*Ayers v. Comm'rs of Trego Co.*, 37 Kan. 240, syl. ¶ 2, 15 Pac. 229. See, also, *Larned v. Boyd*, supra.)

"We have not the right to change the statute where it is clear and free from ambiguity, by any judicial interpretation." (*Ayers v. Comm'rs of Trego Co.*, supra, 242.)

The last is quoted in *McAllister v. Fair*, 72 Kan. 533, 535, 84 Pac. 112, 3 L. R. A., n. s., 726, 115 Am. St. Rep. 233.

It is not shown that the county superintendent acted other than in good faith. It was his duty to certify the amount of money necessary to aid the district under the act. A fair construction of the act is that it is his duty to determine the amount that shall be necessary. He must exercise his judgment on this matter. This he has done. Errors of judgment on the part of those who must exercise judgment under the law can not be corrected by mandamus. Under section 7796 of the General Statutes of 1909, the Barnes high-school law, it is made the duty of the county superintendent to certify to the county commissioners the amount necessary for the maintenance of the high school. This is the same duty as that prescribed in chapter 263 of the Laws of 1911. In *Board of Education v. Shepherd*, 90 Kan. 628, 135 Pac. 605, the duty

of the county superintendent under the Barnes high-school law was involved, and this court there said:

"The certificate of a county superintendent of the amounts necessary for the maintenance of the high schools established under that act determines the amount to be levied for that purpose.

"The action of the county superintendent in the exercise of this authority can not be overruled unless he abuses his discretion by acting arbitrarily, capriciously or fraudulently, or in other words, acts in bad faith." (Syl. ¶¶ 2, 3.)

(See, also, *School District v. Wilson County*, 82 Kan. 806, 812, 109 Pac. 168; *The State, ex rel., v. Haskell County*, 92 Kan. 961, 142 Pac. 246.)

The writ is denied.