THE MISSOURI PACIFIC RAILWAY COMPANY v. JOHN J. McGRATH.

No. 10.

1. PLEADING AND PRACTICE— *Objection to Evidence.* Where a petition sets forth a cause of action upon a verbal contract, and the answer denies the same and properly alleges a written contract, and the reply thereto is not verified, but contains an allegation that the execution of the written contract was procured by fraud and misrepresentation, an objection to the introduction of evidence made by the defendant is properly overruled, as evidence should be permitted under such pleadings.

2. COMMON CARRIER— *Measure of Damages.* Upon failure of a common carrier to deliver goods at the time agreed upon, or, if no time is specified, within a reasonable time, the rule of damages is the difference between the value of the goods at the time and place of delivery and their value at the same place at the time they should have been delivered. In such case the inquiry as to the values should be limited to the place of delivery.

MEMORANDUM.— Error from Bourbon district court; J. S. WEST, judge. Action on a contract for shipment of stock by John J. McGrath against The Missouri Pacific Railway Company. Judgment for plaintiff. Defendant brings the case to this court. Reversed. The opinion herein, filed February 5, 1896, states the material facts.

*B. P. Waggener,* and *David Kelso,* for plaintiff in error.

*W. E. Flynn,* for defendant in error.

The opinion of the court was delivered by

COLE, J.: John J. McGrath brought an action in the district court of Bourbon county against the Missouri Pacific Railway Company for damages claimed to have arisen from the failure upon the part of said company to perform the conditions of a certain verbal contract for the shipment of stock from Amiot, in Anderson county, to Kansas City, Mo. The defendant below, plaintiff in error, filed an answer denying that the stock was shipped under any verbal contract, and alleging that said stock was shipped under certain contracts in writing, copies of which are attached to said answer, and that it had in all things fulfilled the requirements of said contract. Plaintiff replied, alleging that the writings set up by the defendant below were no part of the contract of plaintiff and defendant for the shipment of said cattle, and that plaintiff never agreed to any of the provisions therein, and further alleging that if plaintiff ever signed the writings set forth in the defendant's answer, his signature thereto was procured by misrepresentation and fraud, which he claimed consisted in the statements made by the defendant's agent, and in the manner and time that his signature was obtained. Said reply further denied that any of the written agreements set forth by the defendant were made out at the request of the plaintiff or any one for him.

This cause was called for trial upon the pleadings above described, and upon the plaintiff's offering testimony in his behalf, the defendant objected, for the reason that the pleadings showed no cause of action in favor of the plaintiff, and that the defendant was entitled to a judgment on the pleadings, which objection and motion the court overruled ; and the cause

having been submitted to the jury under the evidence and instructions of the court, a verdict was rendered in favor of the plaintiff below, and judgment entered upon such verdict, from which judgment the railway company brings the case here for review.

The first question presented is whether the court erred in overruling the objection to the evidence of the plaintiff under the pleadings in this case. The petition alleged that the contract of carriage was verbal, and was made with the agent of the defendant company; that such contract was, in substance, that the company would furnish 10 cars for the shipment of the stock of plaintiff, and that said train of cars should be at Amiot station not later than 8 o'clock A. M., Friday, August 9, 1889, and that the company would transport said cattle so that they would be delivered and unloaded at the Kansas City stock-yards, Friday night, August 9, 1889. The petition further alleged that said train of cars was not furnished by the company until 9 o'clock, Friday night, August 9, 1889, and that said failure upon the part of the company was the result of the negligence of its employees; that, after the train was so furnished and loaded, it was delayed at different points along the road, so that it did not reach the Kansas City stock-yards until noon of Saturday, August 10, 1889, and that thereby plaintiff was deprived of selling his cattle that day, to his damage in the sum of $1,995. The answer, as stated above, denied any verbal contract, and set forth five written and printed live-stock contracts which, it alleged, were executed by its agent and the plaintiff and others acting as his agent and in his behalf, and alleged the fulfilment of the contract on the part of the company. The reply was not verified, and it was for this reason that it was claimed by the company

that no evidence should have been permitted by the court under the pleadings.

We are of the opinion that the court did not err in overruling the objection to the introduction of testimony. The reply, while tacitly admitting the execution of the written instrument set forth in the answer, thereby raising no issue so far as the execution of the written contracts were concerned, did allege that the signatures of the plaintiff below and the other parties who signed the same were procured by certain false and fraudulent statements made by the agent of the company, and specified what such statements were and the manner in which it was claimed the signatures were procured. It seems clear to us that the reply raised an issue, and that, therefore, the plaintiff below had the right to introduce evidence to show that the verbal contract which he claimed was originally made had not been varied by a subsequent written agreement. (*Coal Co. v. Whittaker*, 40 Kan. 123.)

For the reason stated above, we are of the opinion that the second objection raised by plaintiff in error and here relied upon was properly overruled.

The next error complained of is the overruling of the demurrer filed by the defendant below to the evidence of the plaintiff. Upon this question the two members of this court upon whom a decision of this case devolves are not agreed, but, both being of the opinion that a new trial is necessary upon other grounds, we will pass to the consideration of questions involved therein.

The plaintiff in error further contends that the court committed error in permitting evidence of the market value of the cattle in question in the city of Chicago upon the Monday following their arrival in Kansas City. It appears from the evidence that when

the cattle arrived in Kansas City, which was their destination so far as the contract of shipment was concerned in this case, they were immediately reshipped to Chicago, and there sold upon the market. This reshipment was without any knowledge upon the part of the plaintiff in error. It is true the court, in instructing the jury, laid down the proper measure of damages, and also attempted to eliminate any error arising from the introduction of such testimony by instructing the jury that such testimony had been admitted to throw light upon what would have been the value of the stock and what it really was in Kansas City at the time it arrived there. We are of the opinion that the admission of this testimony was prejudicial error. In the case of *K. P. Rly. Co. v. Reynolds*, 8 Kan. 623, a similar question was before our supreme court for decision. In that case, also, the trial court, after admitting testimony of the value of certain cattle at other points than that of destination, properly instructed the jury as to the measure of damages ; but it was held that the admission of the evidence was error, and was not cured by the instruction. In delivering the opinion of the court in that case, BREWER, J., said :

"In permitting this range of testimony we think the court erred. The value of the cattle at a subsequent time, and in a different market, might be affected by many considerations. Values change in proportion to the demand and supply. A few days might make material alteration. The treatment received, and the care and attention bestowed subsequent to the delivery at State Line would of course affect their condition and value. The range of inquiry would be widely extended, and the attention of the jury distracted by the multitude of questions from the material facts. The plaintiff in error could not be supposed to keep track of the cattle subsequent to their

delivery, or be prepared with testimony as to the care and treatment they received thereafter. If their value three days after in the St. Louis market was proper subject of inquiry, why not their value a week after in the city of New York, or a month after in the Liverpool market?"

The testimony with regard to the market value in Chicago on the Monday subsequent to the delivery of the cattle at the Kansas City stock-yards, not having been withdrawn from the jury, presumably was a part of the evidence upon which their verdict was based.

A number of objections are raised to the instructions given and to the refusal of the court to give certain instructions requested by plaintiff in error, but we do not consider it necessary to notice these objections at this time, for the reason that most, if not all, of them will probably not arise upon another trial of this case.

For the error above referred to the judgment of the district court will be reversed, and the cause remanded for a new trial.

· DENNISON, J., concurring.

JOHNSON, P. J., not sitting, having been of counsel.