Trowbridge v. Cunningham.

ELLENDER W. TROWBRIDGE *et al.* v. BRIDGET
CUNNINGHAM.

No. 12,052.   (66 Pac. 1015.)

1. JUDICIAL SALE— *Collateral Attack.* Objections to methods of
appraisement and other steps preliminary to a judicial sale may
not be made in a collateral proceeding.

2. DESCENTS AND DISTRIBUTIONS— *Creditors of Heirs.* The sur-
viving wife inherits one-half of the real estate of her husband
and her undivided share may be levied on and sold for the pay-
ment of her debts.

Error from Doniphan district court; WM. I. STU-
ART, judge. Opinion filed December 7, 1901. Division
one. Affirmed.

*B. A. Seaver,* and *James L. Allen,* for plaintiffs in
error.

*J. J. Barker,* for defendant in error.

*Per Curiam:* This was an action to partition a four-
teen-acre tract of land in Doniphan county formerly
owned by Safford W. Trowbridge. He died intes-
tate, and this and other real estate descended to his
heirs, Ellender W. Trowbridge, his widow, and six
children. A judgment was subsequently rendered
against the widow in favor of Bridget Cunningham,
and an execution was levied on an undivided half of
the tract in controversy as the property of the widow.
It was sold to the judgment creditor, who brought
this proceeding to partition the tract, making the
widow and children parties defendant, and a parti-
tion was adjudged.

Objections to the methods of appraisement and other
steps preliminary to a sale are not good. They did
not render the sale void, and such irregularities can-

not be questioned in a collateral proceeding. (*Paine v. Spratley*, 5 Kan. 525; *Pritchard v. Madren*, 31 id. 38, 2 Pac. 691.)

The surviving wife inherited one-half of the real estate of the husband, and the undivided share thus allotted to her by the law may be levied on and sold for the payment of her indebtedness. (Gen. Stat. 1901, § 2510.) The answer of the widow stated that there had been no division of the estate among the heirs of the decedent, and that while Willis Trowbridge alleged an arrangement for a division, it only included the children of full age, and was not assented to by all the interested parties. In view of these facts, the testimony rejected, and about which complaint was made, was not material.

The judgment is affirmed.

DOSTER, C. J., JOHNSTON, SMITH, ELLIS, JJ.