THE ST. LOUIS JEWELRY COMPANY, *a Partnership*, v. J. W. BENNETT.

No. 15,032   (90 Pac. 246.)

SYLLABUS BY THE COURT.

1. PLEADING—*Unverified Answer—Admission—Proof of Fraud.* The code provision that allegations of the execution of written instruments shall be taken as true unless there is a verified denial of the same by the opposing party (Gen. Stat. 1901, § 4542) does not preclude the defendant from pleading in an unverified answer and proving that he signed a contract but that his signature was procured by the fraudulent representations and deceit of the plaintiff.

2. CONTRACTS—*Execution Procured by Fraud—Failure to Read.* A defendant who is induced to sign a contract by the misrepresentations and fraud of the plaintiff is not barred from relief by the fact that he failed to read the contract or have it read to him before attaching his signature.

Error from Jewell district court; RICHARD M. PICKLER, judge. Opinion filed May 11, 1907. Affirmed.

*R. W. Turner*, and *W. R. Mitchell*, for plaintiffs in error.

The opinion of the court was delivered by

JOHNSTON, C. J.: The St. Louis Jewelry Company, a partnership, brought an action against J. W. Bennett to recover $196 for jewelry alleged to have been sold and delivered to him and for which he refused

payment.   In the petition the company set up what is claimed to be a written contract of sale.   In his answer Bennett alleged that he signed the alleged contract but that he was induced to do so by the false and fraudulent representations of the company.   He averred that the agreement made with the company was not to, purchase the goods, but rather that he should take and sell them for the company, with the option to return the same to the company at any time at their expense.   He also alleged that his eyesight was so defective that he was unable to read the writing at the time, and that the agent of the company, who prepared the writing, falsely represented that no more was included in it than had been agreed upon, and so he was induced to sign it.   The goods were shipped and received by him, and within a few days he learned that the company proposed to treat the transaction as a sale and to hold him as a purchaser.   He then returned the goods to the company, with the exception of a show-case, which had been broken in the shipment and which was held by him subject to the order of the company.   Upon the testimony the jury found in favor of Bennett.

The answer of Bennett was unverified, and it is contended that the written contract of purchase set up in the petition was admitted and that the plaintiffs were entitled to judgment on the pleadings.   The fact that the answer of Bennett was unverified did not prevent him from making the defense that the writing pleaded, if it can be considered a contract, was procured by fraud.   There being no verified denial, the genuineness and execution of the instrument, in the form and manner as pleaded, was admitted.   Without a denial under oath the allegation of the plaintiffs made a *prima facie* showing of the execution of the paper—one which must be taken as true, unless overcome by proof.   The code provision (Code, § 108; Gen. Stat. 1901, § 4542) is a test of the good faith of the

pleader. Its effect is to excuse proof in the first instance of certain averments, including allegations of the execution of written instruments. It operates to shift the burden of proof upon the opposite party unless he makes a sworn denial of such allegations. Here, however, the execution of the paper was expressly admitted in the answer, and that fact was not an issue in the case. It was competent for the defendant, after admitting the execution of the contract, to set up facts avoiding the contract, or rather to show that it was not enforceable. Defenses like illegality, want of consideration and that the execution of the contract was procured by fraud may be alleged and proved without verifying the answer. (*Coal Co. v. Whittaker*, 40 Kan. 123, 19 Pac. 330; *Alexander v. Barker*, 64 Kan. 396, 67 Pac. 829; *Curtis v. Schmehr*, 69 Kan. 124, 76 Pac. 434; *De Lissa v. Coal Co.*, 59 Kan. 319, 52 Pac. 886; *Mo. Pac. Rly. Co. v. McGrath*, 3 Kan. App. 220, 44 Pac. 39.)

Although questioned, the answer sufficiently alleged that Bennett was induced to sign the paper by the fraudulent representations of the agent of the plaintiffs. It is insisted that Bennett was grossly negligent in failing to have the contract read to him by his daughter, who was present, or by some one else before signing it, and that because of this he cannot ask relief from the fraud of the plaintiffs nor contest the binding force of the contract. In a similar case it was recently decided that, "where inquiry as to the contents of a written contract is lulled by fraud and deceit, and one party is induced to sign the contract by the false representations of the other that it contains the provisions agreed upon, when in fact it does not, the party who procures the signature by fraud will not be entitled to enforce such contract, although the one who signed it did so without reading it or having it read to him." (*Shook v. Manufacturing Co.*,

*ante,* p. 301, syllabus.   See, also, *Deming v. Wallace,* 73 Kan. 291, 85 Pac. 139.)

The remaining material questions are determined by the cited case, and following that decision the judgment in this case is affirmed.