No. 18,942.

EMMA ROSE, *Appellee*, v. L. BOYER, *Appellant.*

### SYLLABUS BY THE COURT.

ACTION ON PROMISSORY NOTE—*Unverified Answer—No Ground for Affirmative Relief Stated — Plaintiff Entitled to Judgment.* In an action on a negotiable promissory note indorsed before maturity, the answer contained a general denial, a specific denial of ownership in the plaintiff and an allegation of fraud and collusion between the payee and the plaintiff, but set up no counterclaim or ground of affirmative relief. *Held,* that such answer being unverified the plaintiff was entitled, under section 110 of the civil code, to judgment on the pleadings.

Appeal from Cowley district court; CARROLL L. SWARTS, judge. Opinion filed July 7, 1914. Affirmed.

*C. T. Atkinson,* of Arkansas City, for the appellant.

*W. S. Cline,* of Newkirk, Okla., *G. H. Buckman,* and *S. C. Bloss,* both of Winfield, for the appellee.

The opinion of the court was delivered by

WEST, J.: The plaintiff in her petition set up a note and mortgage executed by the defendant and a transfer thereof before maturity to the plaintiff. The answer contained a general denial and a specific denial that the plaintiff was the owner and holder of the mortgage, and alleged that the original payee was still the owner and holder and had conspired with the plaintiff to cheat the defendant and avoid a counterclaim which

Rose v. Boyer.

the plaintiff had against the original payee for a breach of warranty for the land mentioned in the mortgage. To this answer a general denial was filed by way of reply.

From statements in the briefs it appears that when the case was called for trial the plaintiff moved for judgment for the reason that the answer was not verified. The defendant asked leave to verify, but withdrew the request and announced that he would not verify, whereupon the court rendered judgment for the plaintiff under section 110 of the civil code.

The plaintiff stands upon the letter of the statute and contends that there was nothing to do but to enter judgment. The defendant suggests that the provision relied upon does not apply when the defense is not a denial of execution but a denial of ownership of the note sued on, and fraud and collusion in its use by the payee and one not its owner. This was doubtless true under the former code (*Jewelry Co. v. Bennett*, 75 Kan. 743, 90 Pac. 246), but the amendment of 1909 calls for a construction. Section 108 of the code of 1868 provided that allegations of the execution of written instruments and indorsements thereon, of the existence of a corporation, of partnership, or of any appointment or authority, should be taken as true unless the denial of the same should be verified by the affidavit of the party, his agent or attorney. In 1886 (Laws 1886, ch. 61, § 1), this was amended by adding "or the correctness of any account duly verified by the affidavit of the party, his agent or attorney." In the new civil code former section 108 became section 110 and was retained exactly in the form effected by the amendment of 1886, and there was added this sentence:

"In all actions founded on written instruments for the unconditional payment of money or on a verified account for goods sold and delivered, or a verified claim for the wages of the plaintiff for his personal services, the answer shall be verified by the defendant, his agent or attorney."

This action was one mentioned in the amendment, the wording of which amendment taken in its ordinary acceptation and meaning according to the approved usage of the language (Gen. Stat. 1909, § 9037, subdiv. 2; *Olsson v. City of Topeka,* 42 Kan. 709, 713, 21 Pac. 219; *Larned v. Boyd,* 76 Kan. 37, 40, 90 Pac. 814; *The State, ex rel., v. Innes,* 89 Kan. 168, 174, 130 Pac. 677; *The State v. Miller,* 90 Kan. 230, 133 Pac. 878) appears to require that in order for the answer in this kind of a case to have effect it must be verified, and unless verified as required it leaves the defendant practically in default, and of course a default in an ordinary action on a promissory note entitles the plaintiff to judgment on the pleadings.

The judgment is therefore affirmed.