No. 19,381.

E. A. READ, *Appellee,* v. J. RALPH DODSWORTH, *Appellant.*

SYLLABUS BY THE COURT.

ACTION ON WRITTEN CONTRACTS—*Unverified Answer—Evidence to Contradict Contracts Incompetent.* In an action to recover the balance due on two written contracts which among other things contained agreements for the unconditional payment of money, the answer pleaded a different oral contract but was not verified. The evidence of the defendant tended to contradict the terms of the contracts sued on and the court sustained a demurrer to such evidence. *Held,* proper, because of incompetency of the evidence and because the unverified answer left the defendant practically in default.

Appeal from Franklin district court; CHARLES A. SMART, judge. Opinion filed April 10, 1915. Affirmed.

*Wilbur S. Jenks,* of Ottawa, for the appellant.

*W. B. Pleasant,* of Ottawa, for the appellee.

The opinion of the court was delivered by

WEST, J.: The facts in this case shown by the abstract are that the parties entered into a written contract under date of July 3, by which among other things the defendant agreed to pay the plaintiff $1170 at the rate of $146.50 a month beginning August 1. The contract bears the signatures of the defendant and the plaintiff by his agent. On July 11 the same parties made and signed another written contract, by which the defendant promised and agreed to pay the same sum in the same installments at the same date, and to secure such payments assigned and set over to the plaintiff certain described rents. Four of the monthly payments were made. This action was brought on the two written contracts for the recovery of the balance due. The amended answer contained a general denial and an allegation of a certain verbal agreement; that the contract of July 3 did not express such agreement; that the contract of July 11 was contrary to the agreement and understanding of the parties; that it was represented to the defendant as drawn up fairly and fully expressing such agreement; that he had only a limited knowledge of the legal effect of written instruments, and was led to believe and did believe that the contract of July 11 was a lien upon certain rents and not an agreement to pay the sum named in such agreement.

There was no verification of the answer, and when it came to the proof there was an attempt to show an oral contract different from the written contracts entered into and signed by the parties, and to this evidence the trial court sustained a demurrer. This ruling was correct for the reason that the testimony tended to contradict the written contracts, and for the further reason that the unverified answer left the defense practically in default. (*Rose v. Boyer*, 92 Kan. 892, 141 Pac. 173.)

The judgment is affirmed.