Stinson v. Bell.

---

No. 19,602.

A. N. STINSON, *Appellee,* v. W. M. BELL and MARY F. BELL, *Appellants,* et al.

### SYLLABUS BY THE COURT.

1. REAL-ESTATE MORTGAGE—*Construction—Provides for Annual Payments of Interest.* Where foreclosure proceedings are brought on a note and mortgage because of default in the payment of interest and taxes, and the note and mortgage fail to state in specific terms the time when the interest is payable, it is proper for the court to look to all the terms of the instruments to determine the time when the interest should be paid, and where these terms construed together reasonably warrant the interpretation that the interest is payable annually, such determination by the trial court will not be disturbed on appeal.

2. SAME—*No Error Shown in Computation of Interest.* Where an alleged error in the computation of interest is neither apparent nor sufficiently pointed out the general finding of the district court will not be disturbed.

3. SAME—*Interest of Wife in Husband's Land.* Where the wife of a mortgagor of unoccupied Kansas lands comes into court on a publication service and admits that she joined with her husband in the execution of a note and mortgage, and no personal judgment is sought against her, she has no appealable interest in the lands of her husband subjected to foreclosure under a judgment based on such note and mortgage.

Appeal from Finney district court; GEORGE J. DOWNER, judge. Opinion filed July 10, 1915. Affirmed.

Stinson v. Bell.

*W. C. Pearce,* and *Richard J. Hopkins,* both of Garden City, for the appellants.

*William Easton Hutchison,* and *C. E. Vance,* both of Garden City, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This was a mortgage foreclosure case. The words "payable annually" were omitted from the note. By the terms of the note the makers promised to pay the principal five years after date with interest at the rate of seven per cent per annum from date. It provided:

"The right is hereby reserved to pay $100.00 or any multiple thereof at any interest paying period, provided 30 days' notice is given."

The mortgage provided:

"And if the taxes and assessments of every nature which are or may be assessed and levied against said premises, or any part thereof, are not paid when the same are by law made due and payable, then the whole of said sum and sums and interest thereon, shall, and by these presents, become due and payable."

Out of an abundance of caution the plaintiff in his petition to foreclose alleged that there was a mistake in the note and mortgage in that the words "payable annually" were omitted, and prayed that the instruments might be reformed to include those words. This was permitted. But eventually the court came to the conclusion that there was enough in the note and mortgage to show that the interest was to be paid annually, and granted the foreclosure of the premises.

In the course of the proceedings in the district court defendants' demurrer to plaintiff's petition was overruled, and the defendants, W. M. Bell and his wife, filed separate answers. Mrs. Bell's answer was verified, but it admitted the execution of the note and mortgage. W. M. Bell's unverified answer likewise admitted the execution of the instruments. After hearing the evidence, the plaintiff waived his claim for a personal judgment against Mrs. Bell, whereupon the court discharged the jury and gave judgment for the plaintiff.

Various alleged errors will be briefly discussed.

(1) We think the note and mortgage did not need reformation or correction. The reservation to pay $100, or any multiple thereof, "at any interest paying period," added to the

Stinson v. Bell.

other provisions of the note, make it clear that the interest was payable annually, and a default in the payment of interest and. taxes warranted the institution of foreclosure proceedings. Moreover, Bell paid the interest at the end of the first year, and this was in effect an interpretation by himself as to the time when the interest was due and payable. On cross-examination Bell admitted that at the time of his first payment of interest he thought it was payable annually. Further, he said:

"Q. What do you mean by your answer, was it your intent to recite in the note the payment of interest annually? A. Yes, sir."

There can be no difficulty as to the judgment against W. M. Bell. His answer was unverified. (Civ. Code, § 110; *Rose v. Boyer*, 92 Kan. 892, 141 Pac. 1006.)

(2) Complaint is made as to the court's calculation of accrued interest, but the alleged error is not clear. In *Holmes v. Dewey*, 66 Kan. 441, 71 Pac. 937, it was said:

"An agreement by the makers of a promissory note to pay interest at six per cent per annum from its date until maturity, and ten per cent after that time, is not unlawful as to the excess over six per cent agreed to be paid after the note should become due." (Syl. ¶ 1.)

The cases of *The State v. Elliott*, 61 Kan. 518, syl. ¶ 3, 59 Pac. 1047, and *Investment Co. v. Brown*, 89 Kan. 66, 130 Pac. 665, are to the same effect. (See, also, *Robbins v. Maddy*, 95 Kan. 219, 147 Pac. 826.)

Appellants do not point out just what is the matter with the district court's computation of the interest. They do not show in what respect it is excessive, usurious or illegal, and the general findings of the district court pertaining thereto must be approved.

(3) Since the title to the property was in the name of W. M. Bell and no personal judgment was rendered against Mrs. Bell, she has no interest in this cause upon which she can base an appeal. The lands involved in this foreclosure suit were not a homestead. They were unoccupied. (Gen. Stat. 1909, § 2942.) In this we are not overlooking what has been recently decided in *Williams v. Wessels*, 94 Kan. 71, 145 Pac. 856, nor the general doctrine announced in *Busenbark v. Busenbark*, 33 Kan. 572, 7 Pac. 245. The so-called inchoate interest of a wife in a living husband's Kansas lands does not apply to his lands which are lawfully subjected to judicial sale. Again, in this

13—96 Kan.

case the wife joined in the note and mortgage, and thus in effect the debt was hers as well as her husband's, and this brings the case within the rule of *Trowbridge v. Cunningham,* 63 Kan. 847, 66 Pac. 1015.

The answers of both husband and wife, after admitting the execution of the note and mortgage, only sought to traverse the issue of mistake in the omission of the words "payable annually" in those instruments. As we view that issue, it was of minor consequence how the district court disposed of it; that issue being altogether an immaterial one since the fair import of the instruments read and construed together in all their recitals justified the interpretation that the contract so provided.

As nothing approaching reversible error is indicated in this appeal the judgment must be affirmed.