No. 19,982.

W. H. EMERY, *Appellant,* v. EDGAR BENNETT, *Appellee.*

SYLLABUS BY THE COURT.

1. PROMISSORY NOTE — *Pleadings — Waiver of Verification of Answer.* Although section 110 of the civil code requires that the answer to a petition in an action founded on a written instruument for the unconditional payment of money shall be verified, the verification is waived when the plaintiff joins issue on the answer, introduces evidence contradicting such defense, and asks instructions covering his theory of the law pertaining thereto.

2. TRIAL—*Objection to Pleadings Must be Specific—Duty of Attorneys.* The duty of an attorney as an officer of the court is to assist the court in arriving at a just and lawful conclusion and judgment in every cause; and when he has a proper objection to the pleadings or pro-

Emery v. Bennett.

ceedings, he should point out clearly and specifically the grounds for his objection; and when he fails to make it with such clearness and precision that the court can understand it, he will ordinarily be held to have waived his objection.—Following *Riverside v. Bailey*, 82 Kan. 429, 431, 108 Pac. 796.

3. APPEAL — *Affidavit of Trial Judge — No Part of Record.* It is not proper for a trial judge, by his personal affidavit, to supplement the record of what did or did not transpire in the trial of a cause before him.

Appeal from Washington district court; JOHN C. HOGIN, judge. Opinion filed March 11, 1916. Affirmed.

*A. J. Freeborn,* and *J. R. Hyland,* both of Washington, for the appellant.

*Charles W. Clarke,* and *Edgar Bennett,* both of Washington, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: The appellant, plaintiff below, sued the defendant on a promissory note. The defendant's answer admitted the execution but denied the delivery of the note, and alleged that it was only a memorandum of a gift, but that about a year after its execution it had been delivered by mistake along with some other papers. The appellant was the defendant's father-in-law. We may infer that the reciprocal relation of paternal regard and filial respect which may have existed between the parties at the time of the alleged gift has changed. Hence this lawsuit.

The verdict was for the defendant. The special findings read:

"1. At the time plaintiff gave defendant his check for $500.00, did he at that time intend to make an unconditional gift of that amount of money. A. Yes.

"2. Did the defendant when he executed the instrument sued on, intend it as a promissory note for the payment of money? A. No.

"3. Did defendant ever intentionally deliver the instrument sued on to the plaintiff? A. No."

The principal error assigned is in the admission of evidence, because the defendant's answer was not verified as required by the new code. (Civ. Code, § 110; *Rose v. Boyer,* 92 Kan. 892, 141 Pac. 1006; *Read v. Dodsworth,* 95 Kan. 117, 147 Pac. 799.)

This assignment would be good, but appellant filed a reply which joined issue on the pleaded defense. Evidence *pro* and *con* was received concerning it, and the appellant asked, and to some extent obtained, instructions covering the defense pleaded. Counsel for the appellant never did point out to the trial court frankly and specifically the defect in defendant's answer, which was the want of verification.

Counsel for appellant tacitly admit that they were not as helpful to the trial court as they might have been. · In their reply brief they say:

"We submit that it is an absolute right of counsel in the conduct of a trial, and especially where the attitude of the trial court is unfriendly or hostile, to make objection, demurrer .or motion concerning the insufficiency of a pleading, in general terms, and are not required to make specific objections thereto unless required by the trial court."

This doctrine contended for by appellee has been disapproved by this court. In *Riverside v. Bailey*, 82 Kan. 429, 108 Pac. 796, it was said:

"During this hearing the defendants were challenged to point out to the court wherein the verdict was excessive or erroneous, as alleged in the motion. This they declined and failed to do, and the court for this reason denied the application.· This refusal on the part of the defendants' attorney was alone sufficient to justify the court in denying the motion for a new trial, and sufficient to constitute a waiver of any error which the court might have committed in the decision. It is the duty of every attorney engaged in the presentation of a cause to a court to assist in reaching a just conclusion, by stating fully and frankly to the court, when requested, all that he knows about the question under consideration. With such a statement the court might be able to grant the relief at once and save further delay and expense. A court has the right, upon such an application, to have the errors complained of pointed out fully and clearly, and concealment or evasion of pertinent facts by the attorney is a violation of professional duty which will justify a refusal of the order requested. (*The State v. Everett*, 62 Kan. 275; *The State v. Balliet*, 63 Kan. 707, 710.)" (p. 431.)

We do not think that counsel are warranted in permitting even "an unfriendly court" to commit error by overruling an objection which they fail to make sufficiently precise for the trial judge to understand and rule on intelligently. Can there be any doubt, if the objection had been timely and clearly made, that the court and opposing counsel would have seen it, and that leave would have been asked and granted to permit the answer to be verified? (*Taylor v. Hosick, Adm'r, &c.*, 13 Kan.

518, 526; *Mortgage Co. v. Lash,* 60 Kan. 141, 55 Pac. 846.) The new code, which accounts for this oversight on the part of an experienced and capable judge and competent and experienced counsel, has another provision which we must not overlook.

Section 581 of the civil code provides:

"The appellate court shall disregard all mere technical errors and irregularities which do not affimatively appear to have prejudicially affected the substantial rights of the party complaining, where it appears upon the whole record that substantial justice has been done by the judgment or order of the trial court; and in any case pending before it the court shall render such final judgment as it deems that justice requires, or direct such judgment to be rendered by the court from which the appeal was taken, without regard to technical errors and irregularities in the proceedings of the trial court."

(See *Hamilton v. Railway Co.,* 95 Kan. 353, 359, 148 Pac. 648.)

Moreover, it has always been the law that traversing an issue pleaded waives the insufficiency of the pleading.

In *Mitchell v. Milhoan,* 11 Kan. 617, it was said:

"The subsequent proceedings, however,—the answer, the reply, the evidence, the findings or verdict,—often cure a defective petition. (*Barrett v. Butler,* 5 Kan. 355; 359; *Mo. Valley Rld. Co. v. Caldwell,* 8 Kan. 244; *Zane v. Zane,* 5 Kan. 140.) This is generally the case where no objection is made to the petition in the court below, or where the objection is made by merely objecting to the introduction of any evidence under the petition; and except where the objection is made by demurrer, or by a motion to require the plaintiff to make his petition or some allegations thereof more formal or more definite and certain, the objection should generally be overruled, unless there is a total failure to allege some matter essential to the relief sought; and the objection should seldom, if ever, be sustained, where the allegations are simply incomplete, indefinite, or conclusions of law. (*Laithe v. McDonald,* 7 Kan. 254, 261, 262; *Fitzpatrick v. Gebhart,* 7 Kan. 35, 40, 41; *Greer v. Adams,* 6 Kan. 206; *Hawley v. Histed,* 10 Kan. 266." (p. 626.)

In *Loan Co. v. Organ,* 53 Kan. 386, 36 Pac. 733, it was said:

"It is said that the court was not justified in inquiring whether the judgment had been wrongfully obtained, because the reply of Kenyon was not verified, and for the further reason that it did not set forth the judgment sought to be vacated. The absence of a verification or the sufficiency of the pleadings was not brought to the attention of the district court, but the plaintiff proceeded to trial on the merits as though the reply was sufficient and the issues properly closed. Under these circumstances, the objection is raised too late, and a verification to the reply must be deemed to have been waived." (p. 390.)

(See, also, *Ciesielski v. Nowacki,* 39 Kan. 340, 18 Pac. 232; *Hoopes v. Implement Co.,* 45 Kan. 549, 26 Pac. 34; *Bishop v. McHenry,* 4 Kan. App. 525, 44 Pac. 1016.)

2. We see no point to appellant's contention that the evidence for the defense tended to vary and contradict the express terms of the promissory note. The chief defense was that there was no intended delivery. Certainly under such an issue evidence was competent. And since there was no intentional delivery of the note, it could not be incompetent, and certainly not prejudicial, to admit evidence that the check for $500 from the appellant to his son-in-law was a gift or advancement to the defendant and his wife. The demurrer to the evidence for defendant was properly overruled; and the instructions contained nothing approaching reversible error.

3. The appellee has filed and incorporated in his brief an affidavit of the trial judge that the question of verification of defendant's answer was never called to his attention at the trial. This is irregular and can not be considered. (*Mason v. Harlow,* 92 Kan. 1042, 142 Pac. 243.) Whatever a judge may with propriety do should be done in the course of the trial and chronicled as a part of it, and not by supplementing the record by his personal affidavit.

The judgment is affirmed.

DAWSON, J. (concurring specially) : I think that plaintiff's reply alone cured the want of verification in defendant's answer. I do not think that the amended code (§ 110) intended that the rules of pleading in vogue in the time of Coke and Littleton should be resurrected. And even in the far away time of those revered jurists a defective pleading, such as the want of a requisite verification to an answer, was cured by pleading over. In both *Rose v. Boyer,* 92 Kan. 892, 141 Pac. 1006, and *Read v. Dodsworth,* 95 Kan. 117, 147 Pac. 799, the effect of plaintiffs' *replies* to defendants' *unverified answers* was not discussed or considered, and I am strongly persuaded that if this sensible and time-honored point had been pressed a different result might have been reached—at least so far as the defects in the pleadings were concerned.

While in recent years little concern is given to the names of pleadings, and the defective answer could have been assailed

by demurrer, motion for judgment, or indeed by any objection which directly and specifically challenged the court's attention to the defect, yet all authorities agree that no general demurrer or general objection to the introduction of evidence would reach it. (*Howard v. Carter*, 71 Kan. 85, 90, 80 Pac. 61.) The proper way to have reached the defect would have been by special demurrer, or by demurrer which "shall specify distinctly the grounds of objection." (Civ. Code, §§ 94, 104, 105.) This rule is almost as old as the hills. (27 Eliz. ch. 5.)

In 7 Bacon's Abridgement, p. 667, it is said:

"Indeed, the very intent of requiring mistakes, in point of law, to be shown for cause of demurrer, was, to give the party an opportunity of amending. And even where the proceedings are entered on record, and the demurrer has been argued, the court will give leave to amend, where the justice of the case requires it, and there is anything to amend by."

In Chitty on Pleading, 16th Am. ed., p. 831, it is said:

"When the objection is a defect in matter of *form*, a *special* demurrer is still permitted; for as observed by Lord Hobart, 'the statute of Elizabeth requiring a special demurrer does not utterly refect form, for that would be destructive of the law as a science, but it only requires that the defect in form be discovered, and not used as a secret snare to entrap.' "

In Phillips on Code Pleading, § 225, it is said:

"Objection to a pleading, for want of verification, or for defective verification, should be made by motion to strike from the files. But such omission or defect is waived by demurring, or by pleading over, or by confession on a warrant of attorney releasing all errors."

(See, also, 31 Cyc. 719, 732, 733, 735.)

That pleading over without a demurrer (or other appropriate challenge specifically made) waives defects as to the form of an antecedent pleading, see, also, Phillips on Code Pleading, §§ 304, 305.

After diligent search, I am unable to find any authorities to the contrary.