No. 20,270.

CALVIN HAYES, *Appellant*, v. THE MUTUAL BENEFIT LIFE
INSURANCE COMPANY AND MARY C. FOSTER, *Appellees*.

### SYLLABUS BY THE COURT.

PLEADINGS—*Action to Change Beneficiary of Insurance Policy—Reply—
Verification—Judgment on Pleadings*. Plaintiff alleged that a certain
application and a certain policy of insurance had been wrongfully
changed, and sought to enforce them as they were alleged to have first
been worded. The defendant alleged the execution of such instru-
ments as shown by copies attached. The reply was not verified. *Held*,
that under section 110 of the civil code such copies must be taken as
true and that the defendant was entitled to judgment on the pleadings.

Appeal from Shawnee district court, division No. 1; ALSTON
W. DANA, judge. Opinion filed July 8, 1916. Affirmed.

*Hiram C. Root*, of Topeka, for the appellant.

*L. S. Ferry, T. F. Doran*, and *J. S. Dean*, all of Topeka, for
the appellees.

The opinion of the court was delivered by

WEST, J.: The plaintiff appeals from an order sustaining a
motion for judgment on the pleadings in favor of the defend-
ant. The second amended petition alleged in substance that in
1865 plaintiff obtained from the defendant insurance on his
life in the sum of $5000 under the ten-year plan, calling for
ten annual payments of $234.50 each, the policy being num-
bered 30,946, the plaintiff's wife, Mary C. Hayes, being made
the beneficiary therein; that the ten annual payments were
duly made and that the policy is in full force and effect; that
in 1868 Mary C. Hayes obtained a divorce and afterwards
married Thomas Foster and lived with him until he died in
1908; that under the terms and conditions of the policy cer-
tain dividends were to be paid; that there was due approxi-
mately $2000 for which the plaintiff asked an accounting; that
Mary C. Hayes upon her divorce ceased to have any insurable
interest in the plaintiff's life; that when plaintiff applied for
the policy he made the application himself, naming himself
as the insured and his wife as the beneficiary, and signed the

Hayes v. Insurance Co.

application C. Hayes; that the policy delivered to him was in his possession about three years; that after her divorce, Mary C. Hayes took possession of it, and it was alleged on information and belief that she thereafter, with the connivance of the defendant, had the application changed so as to read that she was the applicant for the insurance upon her husband's life and the copy of her application was set out as an exhibit; that the purported signature thereto of Mary C. Hayes, per C. Hayes, was not correct; that the policy further provided that the plaintiff might at his election, upon notice to the company, change the beneficiary; that the plaintiff being in his seventy-fifth year, and having eight children who were his only legal heirs, desired to have them made beneficiaries instead of his former wife; that the defendant refused to make them beneficiaries, but still recognized the divorced wife to be his legal heir and the beneficiary of his life policy. It was sought to make Mary C. Foster a party and require her to set up her claim or interest in the policy, to have her decreed to have no right or interest as beneficiary therein, and to have the defendant directed to change the beneficiary as suggested.

The answer admitted the execution of policy No. 30,946 to Calvin Hayes, and set out a purported copy thereof, and admitted that it was issued pursuant to the declaration and application set out in the second amended petition; that Mary C. Foster had ever since the issuance of the policy been a resident of Ohio and still has possession thereof in the state of Ohio; that she had never been a resident of Kansas nor had her policy ever been within the jurisdiction of this state, and that no valid service of summons had been made upon her, or could be made so long as she was a resident of Ohio and held the policy at her place of residence. To this plaintiff filed a reply in the nature of a general denial. It appears that the summons by publication upon Mary C. Foster was quashed.

"Exhibit A," the application, recites that it was made by Mary C. Hayes, wife of Calvin Hayes, and appears to be signed Mary Hayes, per C. Hayes. The policy, "Exhibit B," contains no provision for a change of beneficiary. The appellant's counsel in his brief talks about the by-laws of the company and a statute of New Jersey, but the abstract does not

advise us what that statute is. It was not pleaded and is found only in counsel's brief. Counsel says:

"We think that, under the terms of the policy as set out in appellant's petition, construed with the terms and conditions of the by-laws of the insurance company and the state statute, which together constitute the contract of insurance between appellant and this insurance company, the appellant is entitled to recover the dividends and interest thereon, and to have the court direct this company to accept the legal heirs of appellant, his eight children, as the beneficiaries of his life policy, rather than Mary C. (Hayes) Foster, who for forty-eight years has been and is now a stranger to him under the law, who was for over forty years the wife of another man, who was rich and left his widow, Mary C. (Hayes) Foster, an ample fortune."

Neither do the abstracts inform us as to the affluence of the second husband. Opposing counsel also state in their brief that no mention of the policy of insurance was made in the divorce decree, but we are unable to find this anywhere in the record or in the allegations of either party.

It will be observed that the answer sets out the application and the policy which it alleges were made and issued. Their execution was not denied under oath, and therefore they must be taken to have been as set forth in the answer. (Civ. Code, § 110; *Mikesell v. Wilson County*, 82 Kan. 502, 108 Pac. 829; *Rose v. Boyer*, 92 Kan. 892, 141 Pac. 1006; *Bank v. Robinson*, 93 Kan. 464, 144 Pac. 1019; *Read v. Dodsworth*, 95 Kan. 117, 147 Pac. 799; *Stinson v. Bell*, 96 Kan. 191, 193, 150 Pac. 603.) This being so, it follows that the defendant company was entitled to judgment on the pleadings.

The other questions presented need not be considered.

The judgment is affirmed.