No. 20,254.

M. L. HILL, *Appellant*, v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF REPUBLIC, *Appellee*.

SYLLABUS BY THE COURT.

1. PLEADINGS—*Verified Account—No Denial Under Oath—Issues Raised Thereby.* Under section 110 of the civil code, which provides that the correctness of an account duly verified shall be taken as true unless denied under oath, the failure to deny the account under oath admits only its accuracy and not its legality.

2. COUNTY OFFICERS—*Can Not Charge County for Unofficial Services.* Without an order from the board of county commissioners, or a contract with that board, a county officer can not charge the county for services voluntarily performed by him which his predecessors in office had neglected to perform and which were not within the ordinary scope of his own official duties.

4—99 KAN.

3. SAME — *Can Not Charge for Cost of Articles Purchased Without Authority.* A county officer has no claim against the county for the cost of articles which he has purchased for the use of his office without the sanction of the board of county commissioners.

4. SAME. The plaintiff, while register of deeds, purchased a typewriter for the use of his office without the sanction of the board of county commissioners. *Held,* that he can not charge the county for the cost of the typewriter.

5. SAME—*Can Not Charge for Unauthorized Services.* The plaintiff, while register of deeds in 1911-1912, indexed, preparatory to their destruction, several thousand old chattel mortgages which had served their purpose and which had accumulated in his office since 1888. *Held,* that in the absence of an order from the county board, or a contract with the board for such services, he has no legal claim against the county therefor.

Appeal from Republic district court, JOHN C. HOGIN, judge. Opinion filed November 11, 1916. Affirmed.

*Nelson J. Ward,* of Belleville, for the appellant.

*H. H. Van Natta,* of Belleville, for the appellee; *W. D. Vance,* and *R. E. McTaggart,* both of Belleville, of counsel.

The opinion of the court was delivered by

DAWSON, J.: The plaintiff was the register of deeds of Republic county for the term included in the years 1911 and 1912. During that time he purchased a typewriter for the use of his office. He also found that several thousand old chattel mortgages, which had been recorded in his office, and which had accumulated since 1888, had not been indexed and destroyed by his predecessors in office as provided by statute. He indexed some twelve hundred chattel mortgages, preparatory to their destruction, and presented a bill against the county for $36 for this service. This was allowed and paid.

The plaintiff also indexed, preparatory to their destruction, all the other old chattel mortgages on file, some seven thousand eight hundred and five in number, and presented a bill against the county for this service, and likewise for the price of the typewriter. This bill was rejected. Whereupon plaintiff brought this action, alleging the pertinent facts.

The general verdict and judgment was against the plaintiff, and he appeals.

The plaintiff's petition set out a copy of his verified claim against the county. Defendant's answer was not verified. This, the plaintiff contends, entitled him to judgment under section 110 of the civil code. We think not. The correctness of the account goes as a matter of course when not denied under oath, but not the legality of the account. The purpose of the code section is to avoid unnecessary waste of time proving the accuracy of facts not seriously in dispute. (*Alexander v. Barker,* 64 Kan. 396, 67 Pac. 829.) "Defenses like illegality . . . may be alleged and proved without verifying the answer." (*Jewelry Co. v. Bennett,* 75 Kan. 743, 745, 90 Pac. 246.)

The failure of the defendant to deny the plaintiff's account, under oath, had the effect of admitting that the plaintiff had indexed the number of old mortgages as set forth in his account, and admitted that he had furnished one typewriter. Perhaps it also admitted that the charges for indexing and for the typewriter were fair and reasonable, although if the statutory fees were less than those sought to be exacted the failure to verify the defendant's answer would not charge the county with a larger sum merely because it was claimed in the account. Nothing was said in *Read v. Dodsworth,* 95 Kan. 117, 147 Pac. 799, nor in *Hayes v. Insurance Co.,* 98 Kan. 584, 158 Pac. 1107, which affects the present question.

The statutes (Gen. Stat. 1909, §§ 5240-5242) which provide for the return of satisfied chattel mortgages or their destruction and the destruction of all expired mortgages by the register of deeds in the presence of the board of county commissioners, prescribes the duty of the register of deeds as to chattel mortgages which fall into any of these classes within his term. Those which have been satisfied should be returned to the mortgagor. Those which have been satisfied but not returned because the mortgagor can not be found should be indexed and destroyed by the register in the presence of the county board. The third class, being those which have expired by reason of being on file five years and not renewed, should likewise be timely destroyed. All these duties devolve upon the register of deeds in their time and season. If such have not been timely done by his predecessors, he can not, of his own volition and industry, rake up all the old, outlawed

and worthless chattel mortgages, which have accumulated through the official negligence of his predecessors for a generation, and make a legitimate bill against the county by indexing them. The county should not be called upon to pay for such service—at least not without a definite order of the county board or a contract with the board to that effect. Here the plaintiff contended that he had an implied contract with the board, founding it upon the board's payment of his first bill and by his personal conversations with individual members of the board, and by their conduct. A most liberal instruction in plaintiff's favor was given to the jury covering this phase of the case, and the general verdict is conclusive that no contract existed.

Touching plaintiff's item for the typewriter, which he purchased for the use of his office, it would never do to sanction a claim like this. If the register of deeds may buy a typewriter for his office and charge the county therewith, every county officer could likewise buy whatever he might conceive to be necessary or convenient for his office, and charge the county therewith. In such a situation the financial managers of the county's business, its county board, would be stripped of their authority, and no prudence on their part would or could control the county's expenditures.

We perceive nothing further in this case which needs discussion, and the judgment is affirmed.