No. 23,218.

A. R. LIVINGSTON, *Appellant*, v. N. C. LEWIS and W. J. KNAUS, *Appellees*.

SYLLABUS BY THE COURT.

1. PLEADINGS—*Allegations of Partnership—Unverified Answer—Existence of Partnership Stands Admitted.* Under section 110 of the civil. code, which provides that allegations of the existence of a partnership shall be taken as true unless the denial thereof is verified by affidavit, when a petition alleges the existence of a partnership and an accounting is demanded between the alleged partners, an unverified answer of the defendant does not raise an issue as to the existence of the partnership, and its existence stands admitted; but a plaintiff can only take advantage of this rule of the code by a timely objection, specifically pointing out to the court the want of verification to defendant's answer; and if plaintiff replies to the unverified answer and goes to trial on the issue of fact, and adduces his evidence thereon, and makes no showing that he was taken by surprise by the ruling of the court and that he was unprepared to produce evidence on the issue which should have been held to be conceded by the unverified

Livingston v. Lewis.

answer, he cannot base reversible error on the ground that the trial court tried out and determined the question of the existence of the alleged partnership on the evidence presented for its determination.

2. SAME—*Objections to Pleadings Should Be Clear and Precise.* An objection to the sufficiency of a pleading should be timely made, and it should be so clear and precise that the trial court can readily discern its significance; and if the objection lacks in precision and the court is misled thereby, no prejudicial error can be based thereon, following *Emery v. Bennett,* 97 Kan. 490, 492, 155 Pac. 1075.

3. SAME—*Joint Newspaper Adventure — Evidence — Findings—Parties Entitled to Accounting.* The evidence and findings of the trial court examined, and held to establish as a matter of law that the plaintiff and defendants were engaged in a joint adventure to take over a newspaper and printing plant and that an accounting and settlement should be had between them.

Appeal from Gove district court; ISAAC T. PURCELL, judge. Opinion filed June 11, 1921. Reversed.

*J. L. Travers,* and *Edgar C. Bennett,* both of Osborne, for the appellant.

*E. F. Beckner,* of Gove, for the appellees.

The opinion of the court was delivered by

DAWSON, J.: This was an action for an accounting between plaintiff and defendants in an alleged partnership of a newspaper and printing plant at Quinter.

The plaintiff's petition alleged that on June 30, 1910, the plaintiff, Livingston, and the defendants, Lewis and Knaus, entered into a partnership agreement by the terms of which they were jointly to purchase a newspaper, the Gove County Advocate, and operate the newspaper plant as partners; that on that date they purchased the newspaper and plant by a bill of sale from the owner, William Field. The consideration was $3,841.97 and a copy of the bill of sale was attached to plaintiff's petition. Plaintiff alleged that he contributed $2,380.40 to the enterprise and that defendant Knaus contributed about $1,000; that the defendant Lewis was to manage and conduct the newspaper plant for himself and his partners; that there had never been an accounting between the partners; and that Lewis had uniformly applied to his own use the moneys received in operating the property.

Defendant Knaus filed a separate answer setting up various matters, and he, too, prayed for an accounting.

Defendant Lewis answered with a general denial; he also pleaded sundry matters, and alleged that he had been the holder of a second mortgage on the newspaper property given by William Field and that he had forclosed that mortgage and had bought the property at the sale under the second mortgage foreclosure.

Neither of the answers was verified. But the plaintiff did not demur to the unverified answer of defendant Lewis. He filed a reply thereto, reiterating charges of the conversion of the partnership property by Lewis to cheat and defraud the plaintiff, and repeated the prayer of his petition.

When the case came on for trial, the court ruled that "the issues pertaining to the matter of partnership should first be determined."

Plaintiff objected "for the reason that there was no issue touching the partnership, such issue being admitted on the face of the pleadings."

The trial court then proceeded to hear the evidence. At its conclusion an informal finding was made:

"By the Court: This is rather a peculiar case. These three men got some money invested in a printing office, and from the record, I think none of them wanted it. They combined. I would hardly call it a partnership. They associated to keep the plant alive until it could be sold. I don't feel that there was a partnership that could bind the others for a dollar. They associated themselves, it is true, in trying to protect the debt, yet I don't figure that there was a partnership."

Judgment was accordingly entered—

"That no partnership exists or ever has existed and for the defendants and against the plaintiff. Wherefore it is by the court considered, ordered and adjudged that the defendants recover their costs."

The plaintiff appeals, insisting on the application and enforcement of the code provision:

"In all actions, allegations . . . of the existence of a . . . partnership . . . shall be taken as true unless the denial of the same be verified by the affidavit of the party, his agent or attorney." (Civ. Code, § 110.)

The particular point would have been perfectly good if the plaintiff had stood upon it. (*Reed v. Arnold*, 10 Kan. 102; *Walker v. Fleming*, 37 Kan. 171, 177, 14 Pac. 470; *Hayes v.*

*Insurance Co.,* 98 Kan. 584, 158 Pac. 1107; *Hill v. Republic County,* 99 Kan. 49, 160 Pac. 987; 31 Cyc. 529.)   But plaintiff did not stand on this point.   He filed his reply, and presented his evidence in support of his allegations touching the existence of the partnership.   His objection at the trial "that there was no issue touching the partnership, such issue being admitted on the face of the pleadings," was not very illuminating to a trial judge who perhaps had no time to guess for himself just what was the trouble with Lewis's answer.

In *Emery v. Bennett,* 97 Kan. 490, 155 Pac. 1075, it was said:

"The principal error assigned is in the admission of evidence, because the defendant's answer was not verified as required by the new code. (Civ. Code, § 110; *Rose v. Boyer,* 92 Kan. 892, 141 Pac. 1006; *Read v. Dodsworth,* 95 Kan. 117, 147 Pac. 799.)   This assignment would be good, but appellant filed a reply which joined issue on the pleaded defense.   Evidence *pro* and *con* was received concerning it, and the appellant asked, and to some extent obtained, instructions covering the defense pleaded.   Counsel for the appellant never did point out to the trial court frankly and specifically the defect in defendant's answer, which was the want of verification.   .   .   .   We do not think that counsel are warranted in permitting even 'an unfriendly court' to commit error by overruling an objection which they fail to make sufficiently precise for the trial judge to understand and rule on intelligently.   Can there be any doubt, if the objection had been timely and clearly made, that the court and opposing counsel would have seen it, and that leave would have been asked and granted to permit the answer to be verified?" (pp. 491, 492.   See, also, *Blair v. McQuary,* 100 Kan. 203, 206, 162 Pac. 1173, 164 Pac. 262.)

However, the question of the existence of a partnership was not the only nor the most important matter involved in this lawsuit.   What the plaintiff wanted was not the mere gratification of a judicial assent to his abstract contention that he and the defendants were partners in a business enterprise. He wanted an accounting and settlement of the business.   If it was not an ordinary partnership, it was some sort of a joint adventure which entitled the plaintiff to an accounting.   According to the trial court's findings, which we accept as correct, these litigants invested some money in a printing office. They combined.   They associated to keep the plant alive until it could be sold.   They associated themselves for certain purposes.   These findings of the court were deduced from the evidence touching the business relationship of the litigants. That business relationship, not arising to the dignity of a

true partnership, impliedly did consist of a joint adventure. (*Saunders v. McDonough, et al.,* 191 Ala. 119, syl. ¶ 3.)

In *Goss v. Lanin,* 170 Iowa, 57, 61, it was said:

"Although courts in modern times do not treat a joint venture as identical with a partnership, it is so similar in its nature and in the contractual relationships created by such adventure that the rights as between themselves are governed practically by the same rules that govern partnerships. As some of the courts hold, while a partnership is ordinarily formed for the transaction of general business of a particular kind, a joint adventure, as a rule, relates to the single transaction, although it may comprehend a business to be continued for a period of years."

(*Lumber Co. v. Marshall,* ante, p. 172, 197 Pac. 861.)

Plaintiff put a considerable sum of money into the adventure. He and defendants also paid off a first mortgage on the property. Presumably the property has produced some income. Doubtless, too, there are expenses properly chargeable to the business. There must have been some agreement, some understanding, express or implied, between these coadventurers touching their business relationship, how the adventure should be conducted, how terminated, how settlement should be made, etc. These and like pertinent matters must be considered in an accounting. The fact, if true, that one of the defendants held a second mortgage on the property and that he foreclosed that mortgage will not preclude his coadventurers from their right to an accounting. They were joint owners, substantially tenants in common, of the property; they were also subrogated to the rights of the holder of the first chattel mortgage, and probably their rights under the first mortgage which they paid take precedence of the rights of their coadventurer who also claimed under a second mortgage. We are discussing these matters, on the assumption that the pleadings and evidence touching these matters are true, only to illustrate the necessity and justice of an accounting—but with no purpose to foreclose further inquiry into all the facts. So far as this record discloses, an accounting should be had between the litigants.

See discussion of the general subject of joint adventures in 15 R. C. L. 500, and 23 Cyc. 453.

It therefore appears that the judgment for defendants must be set aside, and the cause remanded for further proceedings.

Reversed and remanded.