No. 24,667.

C. W. Brown, *Appellant*, v. The Union Oil Company, of Wichita, *Appellee*.

Appeal from Elk district court; Allison T. Ayres, judge. Opinion denying a rehearing filed October 15, 1923. (For original opinion of reversal see ante, p. 166, 218 Pac. 998.)

*A. F. Sims,* of Howard, for the appellant.

*S. B. Amidon, S. A. Buckland, H. W. Hart, Glenn Porter,* all of Wichita, and *H. W. Schumacher,* of El Dorado, for the appellees.

OPINION DENYING REHEARING.

The opinion of the court was delivered by

Dawson, J.: A rehearing is asked in this case where we held in substance that the holder of an oil and gas lease on 2,347 acres of land under an implied covenant to explore and develop it could not hold so great an acreage indefinitely when the only exploration and development undertaken was during the last few months of the fixed five years' term of the lease, and was confined to a relatively small portion of the land (320 acres); and that in withholding a decree of cancellation of the lease on the unexplored acreage (2,027 acres) the trial court should have required a reasonable minimum of exploration and development to be prosecuted with diligence.

In the action the plaintiff prayed for a decree of forfeiture and cancellation on the 2,027 acres on which no exploration or development had been undertaken. He further prayed for appropriate equitable relief.

Defendant's answer, among other matters, alleged:

"And the said defendant now expresses its intention to further develop the said lease with due diligence and alleges that there would have been further development of said lease except for the pendency of this suit, which was filed on or about the 18th day of June, 1921, and that this action has prevented the said defendant from further development on the said lease; the defendant now comes into court and offers and tenders performance on its part, with due diligence, and offers to do equity and to perform all of the covenants on the part of the lessee contained in the said lease and to do such things as the court of equity may properly and lawfully direct in the premises."

The trial court found generally for defendants, held the lease valid in all its parts, and entered judgment accordingly.

On appeal this court decided:

Brown v. Oil Co.

"In withholding a decree of forfeiture of the unexplored and undeveloped portions of so large a leasehold, a court of equity should require a reasonable minimum of exploration and development of the entire tract to be prosecuted with reasonable diligence. Otherwise the lessee's interest in the unexplored and undeveloped portions of the property should be canceled so that the lessor can make other arrangements for their exploration and development." (*Brown v. Oil Co.*, ante, p. 166, 217 Pac. 286.)

In the petition for a rehearing it is shown that after our decision was handed down on July 7, 1923, the defendants returned to the district court and filed a motion to have a record made of certain incidents which had transpired at the trial which had not been presented to this court. That motion was allowed and on September 26, 1923, a journal entry was made and recorded which, in part, recites:

"That at the trial heretofore had on the 4th day of May, 1922, and at the conclusion of the trial, the court announced that it would make an order requiring the defendants herein to enter upon some further development of the lease in controversy herein and to retain jurisdiction of this cause and require such development and offered to make such an order and render such a judgment; that the plaintiff at said time in open court stated that he did not seek, and did not want any such order or judgment and that the plaintiff desired and sought an order canceling and annulling all of the lease except such acreage as was reasonably necessary to protect the wells on the lease as admitted in the plaintiff's petition, and if the court would not enter such an order and judgment, that the plaintiff preferred to have judgment rendered against him in favor of the defendant, sustaining the said lease, and plaintiff would appeal the case to the supreme court; that thereafter, the court rendered a judgment, sustaining the said lease as shown by the journal entry of the judgment heretofore filed in said cause."

Defendants now make the point that the plaintiff led the trial court into error, that the judgment entered was of the sort the plaintiff wanted the trial court to make, which, of course, would preclude the plaintiff from complaining about it in this court. It is elementary that a litigant cannot take contrary positions, one in which he has sought and procured an order, ruling or judgment in the trial court and another in the supreme court in which he complains of such order, ruling or judgment. (*Mercer v. McPherson*, 70 Kan. 617, 79 Pac. 118.) The rule even goes further. A litigant will not be heard on appeal to complain of any order, ruling or judgment of a trial court which he suffered the trial court to make without objection (*Emery v. Bennett*, 97 Kan. 490, 492, 155 Pac. 1075), and mere general objections which do not plainly indicate the error a

trial court is about to commit, are unavailing on appeal. (*Livingston v. Lewis,* 109 Kan. 298, 198 Pac. 952.)

But it is very doubtful if the rule relating to invited error applies here. Can it be said that plaintiff led the trial court into error? He wanted the lease canceled, and stoutly contended for a decree to that effect, although he frankly told the court his preference as to the sort of an adverse judgment, if any, to be entered against him, rather than an indefinite order requiring the defendants herein to enter upon "*some* further development of the lease" which the trial court intimated that it would make. This was not an invitation for for trial court to commit an error in the sense that an invited error is usually understood. This must necessarily be the correct view of the situation, otherwise in this case the processes of justice have achieved a veritable *reductio ad absurdum,* seeing that the plaintiff alleged and proved his right to relief, the defendant conceded his right to relief, the trial court intimated that it would give him *some* relief, yet he got no relief! After a lapse of seven years in which not a foot of drilling was done on 2,027 acres of plaintiff's land there was an adjudication that plaintiff was entitled to nothing at the hands of defendants.

The court would notice this case from another angle. What is recognized as the duty of litigants and their counsel not to lead the trial court into error is likewise their duty to an appellate court. They must not lead this court into error. Our judgment was rendered on the record, abstract and counter-abstract, presented to us. We need not now say whether, if counsel for defendants had timely presented the matters which appear in the belated journal entry of September 26, our judgment would have been substantially different from the one we rendered. It certainly would have been necessary for us to consider whether the rule relating to invited error had no bearing on the attitude of defendants. After conceding in their answer that plaintiff was entitled to some relief and having heard the trial court intimate that it was disposed to grant him *some* relief, yet defendants never bestirred themselves to avert an erroneous and unjust judgment being entered in their behalf. The other matters urged in the petition for a rehearing have all been carefully noted but need no discussion.

A rehearing would serve no purpose and it is therefore denied.